## CARON CORPORATION v. OLLENDORFF.
### No. 86, Docket 20358.

Circuit Court of Appeals, Second Circuit.

March 13, 1947.

Choate, Byrd, Leon & Garretson, of New York City (Maurice Leon and Joseph H. Choate 3rd, both of New York City, of counsel), for plaintiff-appellant Caron Corporation.

Samuel Conrad Cohen, of New York City (Samuel Conrad Cohen, Washington Irving Levy and Abraham J. Nydick, all of New York City, of counsel), for defendant-appellee Marie Ollendorff.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an action for infringement of a trade-mark registered under the provisions of the Trade-Mark Act of 1905 § 16, 15 U.S.C.A. § 96. Judge Clancy, before whom the trial was had, held that the plaintiff's mark was not infringed and dismissed the complaint.

The plaintiff bases its claim on the ground that the defendant's mark "Pink Champagne Cocktail" (as used on a face refresher) infringed plaintiff's mark "Bain de Champagne," used solely as a scented

water softener, because champagne was a common dominant word which identified plaintiff's goods. But there was no proof of confusion between the plaintiff's and defendant's toilet articles either as advertised or sold, and there was no showing that the word "champagne," common to both trade marks, had acquired a secondary meaning indicating that it meant the plaintiff's toilet preparations.

It is, of course, manifest that the defendant's mark "Pink Champagne Cocktail" differs from the plaintiff's mark "Bain de Champagne" as a whole, and when less than the whole of a plaintiff's mark is used by a defendant, in order to sustain a charge of infringement "it must appear that the part * * * taken identifies the owner's product without the rest." Parfumerie Roger & Gallet v. M. C. M. Co., 2 Cir., 24 F.2d 698, 699. The mere presence in the trade mark of such a descriptive word as "champagne" would have no such tendency. Indeed, when taken alone it would seem to have no greater import as a means of identification than would the word "stimulating."

The plaintiff's sales ever since they started in the year 1924 were relatively small, and since the years 1934, 1935, 1936 and 1937—when they became practically nil, have amounted to very little. All advertising ceased after 1938. Moreover, it was conceded at the trial by plaintiff's counsel that the mark "Bain de Champagne" was not used by the plaintiff in this country upon any product except the bath preparation we have mentioned, so that it has suffered no loss through the sales by the defendant of articles which may compete with some of its other toilet articles.

It is argued that the plaintiff's registered mark protected it from invasions by articles within its field of reasonable expansion. If the evidence had shown that the word "champagne" when used on toilet articles had come to indicate only the plaintiff's goods the argument might have substance even if the particular registered mark had been used merely in connection

with a bath preparation. Here that word is only a part of the registered mark and has not been used by the defendant on a bath preparation and has only been used by plaintiff with the other two words on its mark.

Ever since the year 1931 Scandia-Jourde, a Paris organization, sold in America a facial lotion under the name of "Champagne." Hitherto plaintiff has only used its trade mark on its bath preparation, while Scandia-Jourde has for some fifteen years used the single word "champagne" in connection with its facial lotion. Even if we disregard the loose testimony that Scandia-Jourde sold cosmetics under the mark "Champagne" long before the plaintiff's trade mark was ever used on its goods, still the plaintiff has failed to show that it ever used the mark "Bain de Champagne" on such toilet articles as those sold by defendant, or has established any trade mark right to use the single word "champagne" as against the defendant and Scandia-Jourde. Any inference that "champagne" had come to mean the plaintiff is rendered the more unlikely by the steady use of that word for many years by Scandia-Jourde, apparently without the plaintiff's protest.

The finding of the trial court that the word "Champagne" in the plaintiff's mark had acquired no secondary meaning is a decision upon the record before us that that word did not signify the plaintiff's goods. As was said by the Court of Appeals for the Eighth Circuit, and indeed as goes without saying "such findings will not be disturbed on appeal unless this court can say that in the light of the evidence the court erred as a matter of law." Seven Up Co. v. Cheer Up Sales Co., 148 F.2d 909, 911.

The decision of the Examiner of Trade Interferences in the proceeding by the Caron Corporation against Banta not only dealt with a toilet soap which was to be used in baths, but was upon a record quite different from the one before us. We think it has no bearing on the issues under consideration.

The decree is affirmed.