BENEFICIAL INDUSTRIAL LOAN CORPORATION v. ALLENSTEIN et al.

No. 12411.

United States Court of Appeals Fifth Circuit.

March 8, 1949.

Roger C. Suttle, of Gadsden, Ala., and Esmond Phelps and Ashton Phelps, both of New Orleans, La., for appellant.

D. K. McKamy, of Birmingham, Ala., and John A. Lusk, Jr., of Gadsden, Ala., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by the Beneficial Industrial Loan Corporation against L. G. Allenstein, individually, and doing business under the name of "Personal Loans". The complaint charges unfair competition on the part of defendants in the use of a trade name deceptively similar to that belonging to the plaintiff. By amendment, two corporations, Gadsden Personal Loans, Inc., and Anniston Personal Loans, Inc., were added as parties defendant. An injunction is sought to restrain the alleged unfair competition. The suit does not involve any question under the trademark or copyright laws.

The case was tried by the court without a jury. After hearing the testimony of seven witnesses, and considering numerous depositions, exhibits and interrogatories, the court entered findings of facts and conclusions of law denying plaintiff all relief prayed for in the complaint.

The evidence shows that plaintiff was organized as a corporation in 1929 under the laws of Delaware, with its principal office in the City of Wilmington. In that year it acquired a number of subsidiary companies which had previously been engaged in the personal loan business under various corporate names, all of which included the designation "Personal Finance Company". This same name was later used by plaintiff to designate all of its subsidiary companies, including those afterwards organized. Since the year of its incorporation plaintiff has grown in size until it now owns approximately 250 subsidiary companies transacting a great volume of business in 32 states and Canada, and maintains more than 400 separate offices in over 250 cities. All of these subsidiary companies are engaged in the business of making personal and small industrial loans in those states which have adopted legislation regulating the small loan business which plaintiff considers favorable to its expansion and growth. Plaintiff owns and maintains subsidiary company offices in the states of Florida and Louisiana in the South. It formerly operated small loan companies in the states of Tennessee and Georgia, but discontinued transacting business in those states when legislation it considered unfavorable to it was passed.

It was shown that neither plaintiff nor any of its subsidiary companies had ever done business in Alabama, although it had attempted to organize a small loan corporation to transact business in this state in the year 1940. However, plaintiff has consistently expanded its business into every state where the legal rate or schedule of charges under the small loans law will permit it to operate advantageously on what it considers a fair margin of profit. In keeping with this policy, plaintiff has made periodic surveys in the State of Alabama since the year 1929 to determine whether local laws and economic conditions would favor its successful operation therein, and has further been actively interested in securing the passage of legislation favorable to its expansion into this state.

For many years plaintiff and its subsidiary companies have advertised extensively in newspapers, magazines, and over the radio, and have spent much money in these and various other forms of advertising. The words "Personal" and "Finance" have been stressed extensively in such advertising as a part of the corporate name of plaintiff's various subsidiary companies. However, it is without dispute that plaintiff has never advertised in any newspapers or magazines published in the State of Alabama, or over any radio stations located in this state, although it has advertised in some magazines having a national circulation, and over some radio stations which may be heard by listeners in Alabama.

The defendant, L. G. Allenstein, first became connected with the personal loan business in the year 1934, when he was em-

ployed by a company with offices in Washington, D. C., which owned a subsidiary small loan corporation organized under the laws of Alabama, and bearing the name, "Personal Loans, Inc." Shortly after he was employed Allenstein became an officer in this company, called the National Finance Company. He later became associated with an insurance company, also owned by the National Finance Company, which was doing business in the State of Alabama, and moved to that state in connection with this employment. In 1937, Allenstein was sent to Gadsden, Alabama, as manager of the Gadsden office of his company's Alabama corporation, "Personal Loans, Inc." The next year, he purchased the business, assets and good will of the Gadsden and Anninston, Alabama, offices of this corporation from the National Finance Company, and has continuously since that year been engaged in the business of making personal and small industrial loans in those cities.

There is no evidence that either the defendant, Allenstein, or the National Finance Company, had any knowledge of plaintiff corporation or any of its subsidiaries at the time the Alabama corporation, "Personal Loans, Inc", was organized; or that either had any intention of adopting for this Alabama small loans corporation any name or title belonging to, or then being used by plaintiff and its subsidiary companies. There has been no showing of any actual competition between plaintiff and its subsidiaries and defendants, since plaintiff has admittedly never engaged in the small loan business in Alabama. Moreover, the defendants have not advertised themselves as having any connection with plaintiff, and have not identified themselves or their services with those of plaintiff or its subsidiaries in any way. It does not appear that any person has ever been deceived or misled by defendants, during the fourteen years in which they have been engaged in the small loan business in Gadsden and Anniston, Alabama, into thinking that they were dealing with plaintiff or any of its companies, or that there is even any danger or likelihood of the public being so deceived. Finally, there is no evidence that plaintiff has been damaged in any way

by the activities of defendants, or that it is likely to suffer any irreparable harm or damage in the future.

■■■ We are of opinion the trial court properly found that the phrase, "Personal Loans, Inc.", was a generic or descriptive term identifying a particular type of small loan business, and that plaintiffs could acquire no exclusive right to use this or any similar name, it being a mere description of a well recognized type of service and business open to the use of everyone. Goodyear's India Rubber Glove Co. v. Goodyear Rubber Co., 128 U.S. 598, 9 S.Ct. 166, 32 L.Ed. 535; Kellogg Co. v. National Biscuit Co., 305 U. S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Dry Ice Corporation v. Louisiana Dry-Ice Corporation, 5 Cir., 54 F.2d 882; Scott v. Standard Oil Co., 106 Ala. 475, 19 So. 71, 31 L.R.A. 374. Furthermore, the undisputed evidence leads us unerringly to the conclusion that the phrase, "Personal Loans," when applied to small loan companies, has not acquired any secondary meaning within the State of Alabama which could reasonably be held as identifying only plaintiff and its subsidiaries. Kellogg Co. v. National Biscuit Co., 305 U. S. 111, 59 S.Ct. 109, 83 L.Ed. 437; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895; McGraw-Hill Publishing Co. v. American Aviation Association, 73 App. D.C. 131, 117 F.2d 293; Kellogg Toasted Corn Flake Co. v. Quaker Oats Co., 6 Cir., 235 F. 657.

■ We are not concerned with the contention that defendants are engaging in illegal and unconscionable operations, by charging usurious rates of interest in excess of those allowed under Alabama law. If such an abuse exists, it manifestly calls for either legislative correction, or more effective enforcement of the state laws and regulations applicable. In any event, such would not constitute unfair competition here, so as to entitle plaintiff to injunctive relief against the defendants. Code of Alabama, 1940, Title 5, § 263 et seq.; American Washboard Co. v. Saginaw Mfg. Co., 6 Cir., 103 F. 281, 50 L.R.A. 609; Mosler Safe Co. v. Ely-Norris Safe Co., 273 U. S. 132, 47 S.Ct. 314, 71 L.Ed. 578; Armstrong Cork Co. v. Ringwalt Linoleum

Works, D.C., 235 F. 458; Borden Ice Cream Co. v. Borden's Condensed Milk Co., 7 Cir., 201 F. 510.

We find no reversible error in the record, and the judgment is accordingly affirmed.