**FAWCETT PUBLICATIONS, Inc. v. BRONZE PUBLICATIONS, Inc. et al.**

No. 12478.

United States Court of Appeals Fifth Circuit.

April 12, 1949.

Rehearing Denied June 3, 1949.

See 174 F.2d 646.

W. O. Mehrtens, of Miami, Fla., for appellant.

No appearance for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by Fawcett Publications, Inc., a Delaware Corporation, against Bronze Publications, Inc., a Florida Corporation, and Sam B. Solomon, defendants, for unfair competition and alleged infringement of a registered trade mark belonging to plaintiff, known as "True Confessions".

The complaint alleges that plaintiff and its founder and predecessor have continuously, since the year 1922, been engaged in publishing, distributing and selling maga-

zines, one of plaintiff's most popular publications being a monthly magazine called "True Confessions"; that since it was incorporated in 1924 plaintiff has been the owner of the trade mark, "True Confessions", and has used same to designate its monthly publication almost continuously since that time; that through industry and the expenditure of large sums of money in advertising, plaintiff has built up a valuable and successful publishing business and created much good will; that one of its most valued assets is its "True Confessions" magazine, which has through many years received a wide publication and enjoyed a constantly increasing circulation throughout the United States and foreign countries; that one of the principal channels for the distribution and sale of this magazine is through newsdealers and their news stands throughout this country and elsewhere, and that this magazine and other publications are displayed and sold from these news stands and racks by news dealers who make them available to public view and inspection. It is then alleged that the word "Confessions" has been so prominently displayed as the dominant feature of the title and trade mark of plaintiff's magazine that it has come to be recognized by the trade and public through many years as identifying the origin and genuineness of plaintiff's publication, "True Confessions"; that defendants, with intent to benefit from the reputation and good will rightfully accruing to plaintiff's magazine, and to profit unfairly by appropriating plaintiff's name and trade mark to their own use and thereby divert a part of the demand for plaintiff's magazine to their publication, are publishing a similar magazine entitled "Bronze Confessions", whereon the word "Confessions" is prominently featured on the front cover and the contents page, and wherein defendants have imitated plaintiff's publication, to its damage. Plaintiff prays for an injunction against the further publication and sale of defendants' magazine, and against the alleged infringement of its trade mark and unfair competition resulting from the use of the word, "Confessions", as exhibited and printed thereon.

Defendants, in substance, answered that (1) the word, "Confessions" is a mere descriptive word, and plaintiff could acquire no exclusive right to its use as a trade mark; (2) there could be no infringement or unfair competition because of the use of the name "Bronze", as opposed to "True", in connection with the word "Confessions", and that the general appearance and text of the two magazines, as well as the type of illustrations and stories contained therein, were so different as to render them clearly distinguishable from each other, and to make any deception or confusion of the public from the sale of both magazines practically impossible; (3) defendants' magazine, "Bronze Confessions", is designed and published principally to appeal to Negro buyers, as Negro writers, subjects and illustrations are used exclusively therein, whereas plaintiff's publication is designed and published principally to appeal to white people; and (4) that trade mark registrations had been issued for several magazines other than defendants' publication, in which the word "Confessions" was contained in the title of each, and that the United States Patent Office had granted no exclusive use of the word "Confessions" to the plaintiff or any one else.

Upon the filing of the answer, plaintiff moved for a summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., which motion was denied by the trial court. Plaintiff thereafter declined to amend its complaint with leave of the court, whereupon judgment was entered dismissing the suit for failure to state a claim upon which relief could be granted.

■ We are of opinion the trial court properly held that the word "Confessions" is a mere descriptive or generic term, and that plaintiff's trade mark, "True Confessions", did not contemplate or grant any exclusive right to the use of its component words, "Confessions", there being no deception or fraud of the public shown. 15 U.S. C.A. § 1052 et seq.: Wilhartz v. Turco Products, Inc., 7 Cir., 164 F.2d 731; Pulitzer Publishing Co. v. Houston Printing Co., 5 Cir., 11 F.2d 834; McGraw-Hill Publishing Co., Inc. v. American Aviation Associates, Inc., 73 App.D.C. 131, 117 F.2d 293; Dry Ice Corp. of America v. Louisiana Dry Ice Corp., 5 Cir., 54 F.2d 882.

A careful comparison of the two publications which are before us as exhibits in this case logically impels the conclusion that neither magazine could reasonably be confused with nor mistaken for the other, any more than the magazine, "Negro Digest", could be accepted for "Readers Digest". The publication, "Bronze Confessions", purports on its cover to contain "True stories of Negro love and Romance", and both the illustrations and stories therein appear to be drawn and written to appeal to the Negro race. It is practically impossible to conceive how regular buyers or subscribers to the magazine, "True Confessions", which is manifestly designed to appeal principally to white readers, could be deceived or misled into purchasing the defendants' magazine, "Bronze Confessions", while under the impression they were buying the magazine published by plaintiff. Nor does it appear probable or likely that the public could ever be so deceived, so long as the two publications remain so dissimilar in general cover appearance and text. It is well settled that where, as here, no exclusive right to the use of a trade mark exists, some fraud or deception in the use of a similar mark by another must be intended, in order to warrant injunctive relief. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Fawcett Publications, Inc., v. Popular Mechanics Co., 3 Cir., 80 F.2d 194; Pure Oil Co. v. The Pep Boys-Manny, Moe & Jack, 76 U.S. App.D.C. 19, 128 F.2d 34; Fidelity Bond & Mortgage Co. v. Fidelity Bond & Mortgage Co. of Texas, 5 Cir., 37 F.2d 99.

The complaint here, even when considered in the light of the exhibits and affidavit introduced in support thereof, further fails to establish any right to relief on the alternative ground of unfair competition. The magazine published by defendants does not presume any connection whatever with that of plaintiff, and it is not shown that, defendants have actually sold or threatened the sale of their magazine in such manner as to constitute an unfair competitive practice. Beneficial Industrial Loan Corp. v. Allenstein, 5 Cir., 173 F.2d 38; Cf. Fawcett Publications, Inc., v. Popular Mechanics Co., 3 Cir., 80 F.2d 194. Moreover, it is not shown that the word, "Confessions", has acquired a secondary meaning which could reasonably be regarded as identifying only plaintiff's publication, "True Confessions". To the contrary, it appears that plaintiff has itself obtained trade mark registrations for at least three other erstwhile proposed publications, with the word "Confessions" appearing in the title of each. This fact, even though the magazines were never published, at least evidences an intention on the part of both plaintiff and the Patent Office not to restrict the use of the word solely to the plaintiff's initial "Confessions" magazine. It further appears that other magazines bearing the disputed word in their title have been published and attained some degree of circulation through the years, although, largely through plaintiff's efforts, most of them have enjoyed no sustained existence. We conclude that plaintiff's magazine has not acquired any such secondary significance as would entitle it to monopolize the exclusive use of the word "Confessions" as a part of its title. Beneficial Industrial Loan Corp. v. Allenstein, 5 Cir., 173 F.2d 38; McGraw-Hill Publishing Co. v. American Aviation Associates, Inc., 73 App.D.C. 131, 117 F.2d 293.

We consider the cases of Crime Confessions, Inc., v. Fawcett Publications, Inc., 139 F.2d 499, 31 C.C.P.A., Patents, 760, and particularly Fawcett Publications v. Popular Mechanics Co., 3 Cir., 80 F.2d 194, as readily distinguishable under their own facts, and the principles therein enunciated are not in conflict with our decision, or controlling in favor of appellant here.

We find no reversible error in the record, and the judgment is accordingly

Affirmed.