**PRO–PHY–LAC–TIC BRUSH CO. v. HUDSON PRODUCTS, Inc.**

Civ. No. 9674.

United States District Court
D. New Jersey.

Nov. 4, 1949.

McCarter, English & Studer, Newark, N. J., George P. Towle, Jr., Dike, Calver & Porter, Boston, Mass., for plaintiff.

860

Thomas J. Brogan, Jersey City, N. J., James F. Hoge, Lenore B. Stoughton, George M. Chapman, New York City, for defendant.

MEANEY, District Judge.

### Findings of Fact

1. This is an action alleging infringement of plaintiff's trade-mark "Perma-Grip" brought under the Trademark Act of 1905, 15 U.S.C.A. § 96 (now revised 15 U.S.C.A. § 1114 et seq.).

2. Plaintiff is the owner of the registered trade-mark "Perma-Grip" for a denture powder for holding false teeth.

3. Defendant uses "Poli-Grip" as a trade-mark for a denture cream for holding false teeth.

4. Plaintiff seeks to enjoin defendant from using "Poli-Grip" as a trade-mark for a denture cream and to recover damages.

5. The merchandise for which the trade-marks in question are used has substantially the same descriptive properties.

6. Plaintiff's trade-mark was in use prior to defendant's.

7. Plaintiff's "Perma-Grip" is a powder contained in a can and packaged in an orange, white and red cardboard carton. Defendant's "Poli-Grip" is a cream contained in a metal tube and packaged in a brown, white and tan cardboard carton. "Perma-Grip" is printed in thin black lettering on an orange background. "Poli-Grip" is printed on its package in large bold tan letters on a white background.

8. The name "Poli-Grip" was adopted by the defendant subsequent to its use of the term "Polident" for a powder manufactured by defendant and advertised extensively since 1936 as a cleansing powder for false teeth, or "dentures" as Nice Nellydom would have it.

9. Plaintiff's salesman, Cloud, conducted a survey in several southern states calling on druggists. After identifying himself as representing the Pro-Phy-Lac-Tic Brush Company he would usually ask, "Do you carry our denture powder?" Cloud testified that on many occasions he was handed a package of defendant's product "Poli-Grip" or the druggist pointed to a package of "Poli-Grip" on a shelf with the response "Is this yours?"

10. Jules Lennard, Sales Administrator of the Block Drug Company, a firm affiliated with defendant, conducted a survey in some of the same states covered by plaintiff's salesman Cloud making purchases of "Perma-Grip" and "Poli-Grip". Lennard testified that on no occasion was he handed one when the other was asked for.

### Discussion.

This action was brought under the Trade Mark Act of 1905, 15 U.S.C.A. § 96, 33 Stat. 728 (now revised, 15 U.S.C.A. § 1114, 60 Stat. 437) and 15 U.S.C.A. § 99, 33 Stat. 729 (now revised, 15 U.S.C.A. § 1116, 60 Stat. 439). The pertinent provisions of the Act, 15 U.S.C.A. § 96 are: " * * * Any person who shall, without the consent of the owner thereof, reproduce, counterfeit, copy, or colorably imitate any such trade-mark * * * in connection with the sale of merchandise of substantially the same descriptive properties * * * shall be liable to an action for damages * *."

Plaintiff argues that its mark is infringed because:

1. Each mark is composed of two parts which are separated by a hyphen or its equivalent.

2. The first word or part of each mark has two syllables.

3. Each mark begins with the letter "P".

4. The accent is on the first syllable in each case, so that there is a rhythmic identity.

These statements are true, but they do not solve the problem; they tend to show similarity but the ultimate question is whether the similarity is likely to cause confusion.

Plaintiff has introduced testimony of the result of a survey intended to show that actual confusion exists. This survey was not conducted in a manner simulating actual purchase conditions, however, and usually the names of the products were not mentioned until after the druggist had referred to one or the other. The survey

conducted by the defendant seems to have more nearly simulated actual purchase conditions. The results of defendant's survey tend to show that no actual confusion exists. At any rate, the court remains unconvinced of the existence of actual confusion.

 In determining whether the similarity is sufficient to require restraint the court must inquire whether the ordinary purchaser in the exercise of ordinary care and caution would be misled or deceived, McLean v. Fleming, 1877, 96 U.S. 245, 24 L.Ed. 828. Judge Kalodner in Alexander Young Distilling Co. v. National Distillers Products Corporation, D.C.E.D.Pa.1941, 40 F.Supp. 748, 753, affirmed per curiam 3 Cir., 127 F.2d 727, said, " * * * similarity per se in sound or appearance of the trademark is not the true criterion. It is only a step taken in the process of analyzing or judging the true criterion. The test actually is: Will the similarity cause confusion?"

In the course of its deliberations the court has considered many cases on trademark infringement involving similar names. However, it must decide the question on the facts of this particular case; precedents are not conclusive. LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 1946, 157 F.2d 115, certiorari denied, Lorraine Coffee Co. v. LaTouraine Coffee Co., 329 U.S. 771, 67 S.Ct. 189, 91 L.Ed. 663. Prior decisions are helpful only as laying down general principles. Glenmore Distilleries Co. v. National Distillers Products Corp., D.C.Va.1938, 23 F.Supp. 928, affirmed 4 Cir., 101 F.2d 479. In the final analysis the decision becomes a matter of the application of such general principles to the factual situation actually obtaining in the instant case. The court among other things is called on to ascertain what it believes would be the reaction of that mythical being "the ordinary purchaser." It does not seem likely that such a purchaser, using the ordinary attention displayed by even the casual buyer of merchandise, would become so confused as not to be able to distinguish between the bisyllabics "Poli" and "Perma". Auricularly they are sharply distinct, despite the fact that they begin with the same lene consonant, the voiceless labial mute, P.

The sole inference of colorable imitation is directed to the general similarity of aural representation, as the packaging, printing, and package hues are in no wise alike. True, the suffixes of the marks are identical; but the word "grip" is descriptive of the qualities of the products and hence is not to be regarded as the dominant portion of either mark, See West Disinfecting Co. v. Lan-O-Sheen Co., 1947, 163 F.2d 566, 35 C.C.P.A., Patents, 706.

Conclusions of law.

1. The trade-marks "Perma-Grip" and "Poli-Grip" are not so alike in sound or appearance as to cause purchasers or prospective purchasers to be confused.

2. Defendant has not colorably imitated plaintiff's trade-mark within the meaning of the Trade Mark Act.

An order may be submitted in conformity herewith.