## DREZMA, Inc. v. REVLON PRODUCTS CORP.

United States District Court
S. D. New York.
Dec. 4, 1950.

Maxwell E. Sparrow, New York City, for plaintiff.

Blumberg, Singer & Alberman, New York City (Samuel Blumberg, W. Lee Helms, Philip Blumenthal, New York City, of counsel), for defendant.

FOLEY, District Judge. ·

The plaintiff corporation seeks injunctive relief, accounting and damages, upon claims set forth in its complaint in two causes of action. The claims are that the defendant corporation in certain instances involving the distribution of certain of its products infringed a registered trademark of the plaintiff corporation, and secondly, that the defendant corporation by certain alleged acts and statements indulged in unfair competition with the particular products of the plaintiff carrying such registered trademark. A jury trial was waived by the attorneys on the issue of unfair competition, and the issues were tried by the court alone.

On July 9, 1940, there was registered to Drezma, Inc., the plaintiff herein, the trademark "Frosty Red," the word "Red" being disclaimed in the application for such trademark. Such registration (Plaintiff's Exhibit 5 in evidence) and its use thereafter by the plaintiff on certain of its products forms the basis for the litigation. The use by the plaintiff corporation throughout the years of the mark "Frosty Red" is indicated by Plaintiff's Exhibits 14 and 14-a in evidence. These exhibits show that the words "Frosty Red" are attached to the lipstick container on the bottom by a small paper label and on the reverse side of the rouge box by the same type label. It was the testimony of Nell Vinick, the sole witness for the plaintiff corporation, who is apparently the important personage in the conduct of its affairs, that the use of "Frosty Red" on the rouge was discontinued approximately a year previous to the trial (R.P. 85). Furthermore, the testimony and exhibits offered by the plaintiff involve mainly the sale of its lipstick and the claim of interference with that product by the defendant corporation and scant attention was paid to the rouge by either party.

There is no contention in the proof of the plaintiff that the defendant corporation infringes by the use of this exact trademark upon certain of its articles. It was also conceded upon the trial, contrary to an allegation in the complaint, that the defendant corporation does not use the words "Frosty Red," or parts of such words, or similar words, in relation to frost upon any of its lipsticks. The claim, as I see it, is confined to the proposition that the defendant corporation in using the word "Frosted" in its advertising and upon the boxes and containers of certain of its nail polishes and enamels interferes with and infringes upon the mark "Frosty Red" as applied to the lipstick container of the plaintiff. That the term "Frosted" is an imitation of the plaintiff's trademark used in such manner to confuse and deceive the purchaser, ordinarily a woman, to such an extent that she is led from or to a frosted lipstick, or from and to a frosted nail enamel, and then in some manner to an unfrosted lipstick of the defendant corporation.

It is very difficult for me to follow intelligently the theory and reasoning behind the claims of the plaintiff corporation. In my judgment, there is complete failure of proof on both issues of infringement and unfair competition, and surely, there is a great insufficiency in respect to the preponderance which every plaintiff must carry. However, I now consider the proof in its entirety and overrule the objection of the defendant as to certain portions of the plaintiff's proof upon which I reserved decision at the time of trial.

There is no satisfactory showing of infringement in relation to the marketing by the defendant of its frosted nail enamels and polishes. The products are not similar, one is a lipstick or a rouge, and the other is a nail enamel. The pattern and markings of the articles and their containers and packages are vastly dissimilar. The predominant name upon the Drezma lipstick and rouge is the name Drezma. Predominant markings upon the defendant's products are certain trade marks and the house mark "Revlon." The makeup of defendant's package is shown by Plaintiff's Exhibit 6 in evidence. The advertising of the defendant corporation in reference to its frosted enamels follows the same pattern (Plaintiff's Exhibit 10). It does not seem worthwhile or necessary to labor the issue of infringement.

■ Where less than the whole of a plaintiff's mark is used by a defendant in order to sustain a charge of infringement, "it must appear that the part * * * taken identifies the owner's product without the rest." Caron Corporation v. Ollendorff, 2 Cir., 160 F.2d 444, 445, citing Parfumerie Roger & Gallet v. M. C. M. Co., 2 Cir., 24 F.2d 698, 699. In the situation herein, we do not have the defendant using identically the same part (i. e. Frosty) of the plaintiff's mark.

The proof of the plaintiff corporation on the issue of unfair competition is flimsy and tortuous. It was given by an interested witness. It is difficult to arrive at the conclusion of this witness that a woman purchaser, buying her most prized possessions, or weapons if you may, could so easily be misled into another's products. The sole conclusion I can gather is that the Revlon girls made no effort to discuss or talk about the Drezma "Frosty Red" lipstick and it would be incongruous to infer that the trademark law places such burden upon competitors. The financial statement of the plaintiff corporation as to its volume and advertising gives little assistance to the issue of unfair competition.

■ The essence of the wrong of unfair competition lies in the sale of the goods of one manufacturer or vendor for those of another or under such conditions as may lead the purchaser to think they are the goods of another. Best & Co. v. Miller, 2 Cir., 167 F.2d 374; certiorari denied 335 U.S. 818, 69 S.Ct. 39, 93 L.Ed. 373. A defendant is not required to insure a plaintiff against confusion by careless purchasers. Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 148 F.2d 909; certiorari denied 329 U.S. 717, 67 S.Ct. 47, 91 L.Ed. 622.

Although it is seriously questionable, I shall not pass upon the validity of the trademark "Frosty Red." It is only challenged in an affirmative defense in the answer and it seems unnecessary to the course of this decision. See Best & Co. v. Miller, supra.

■ I find as facts that the trademark "Frosty Red," the word "Red" being disclaimed, was registered to plaintiff corporation on July 9, 1940; that such trademark as applied to the lipsticks and rouge of the plaintiff corporation has not acquired a secondary meaning within the trade or purchasing public; that the use of the word "Frosted" by the defendant corporation in the advertising and sale of certain nail enamels does not infringe upon such registered trademark; that such use of said word as aforesaid by the defendant corporation did not constitute unfair competition on the part of the defendant corporation; that the ordinary purchasers of such articles were not misled, confused, or deceived by such use by the defendant, in particular relation to the "Frosty Red" lipsticks and rouges sold by the plaintiff corporation; that the plaintiff corporation sustained no money damages as a result of

932

such use of the term "Frosted" as aforesaid.

My conclusions of law are that the court has jurisdiction of the subject matter and parties to the action; that the plaintiff corporation fails in its proof as to the allegations set forth in its complaint; that judgment may enter in behalf of the defendant corporation dismissing the complaint.

The exhibits in this action shall be filed with this opinion in the office of the Clerk of the United States District Court, Southern District of New York, at New York City.