**PETER PAN FOUNDATIONS, Inc.,**
**Plaintiff,**

v.

**BEAU–BRA FOUNDATIONS, Inc.,**
**Defendant.**

United States District Court,
S. D. New York.

July 26, 1954.

Armand E. Lackenbach, New York City, for plaintiff.

Conrad & Smith, Seymour J. Ugelow, New York City, for defendant.

BONDY, District Judge.

This is a motion for a preliminary injunction in an action for trade-mark infringement and unfair competition.

Plaintiff, a New York corporation, is a manufacturer of brassieres some of which are sold under the registered trade-mark "Inner Circle" adopted about June 28, 1951, and registered July 29, 1952.

Defendant, a New Jersey corporation, doing business in the State of New York also manufactures brassieres, in the advertisement of some of which it uses the words "Dress Circle". Its "Dress Circle" brassieres differ from plaintiff's. Plaintiff's "Inner Circle" brassieres are preformed and padded with foam rubber and retain their shape when worn. The defendant's "Dress Circle" brassieres are soft and unpadded. They do not retain a fixed form when worn. They also differ in price and quality.

The defendant denies that its use of the words "Dress Circle" infringes plaintiff's registered trade-mark and contends that the words "Inner Circle" may not be used as a trade-mark for brassieres because the word "circle" is descriptive, not fanciful and because the two words have been used by other brassiere manufacturers to describe their products before plaintiff started to use them as its mark.

■■ A registered trade-mark is infringed when sales by another under its mark are "likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods", 15 U.S.C.A. § 1114; see Stardust, Inc., v. Weiss, D.C., 79 F.Supp. 274, 278; Nims, Unfair Competition and Trade-Marks, 4th Ed. section 221d, and the burden is on the plaintiff to show that such confusion is likely. The similarity must be "such as would cause confusion of any appreciable number of ordinarily prudent purchasers as to the source of the goods", Miles Shoes, Inc., v. R. H. Macy & Co., 2 Cir., 199 F.2d 602, 603, which consumers buy without having the two products or their trade-marks before them for comparison. Telechron, Inc., v. Telicon Corp., D.C., 97 F.Supp. 131, 142, affirmed 3 Cir., 198 F.2d 903; 3 Restatement of Torts, Section 728b.

■ Both plaintiff's and defendant's trade-marks are made up of two words. The source of origin of a product sold under a trade-mark is indicated by the mark taken as a whole. "One who uses less than that whole may perhaps infringe, but, if so, it must appear that the part he has taken identifies the owner's product without the rest." Parfumerie Roger & Gallet v. M. C. M. Co., 2 Cir., 24 F.2d 698, 699; Caron Corporation v. Ollendorff, 2 Cir., 160 F.2d 444, 445, certiorari denied 332 U.S. 765, 68 S.Ct. 72, 92 L.Ed. 350; Drezma, Inc., v. Revelon Products Corp., D.C., 94 F.Supp. 929, 931.

■■ Plaintiff has failed to sustain its burden of proving that the word "circle" is a dominant part of its mark. The advertising material submitted to the court does not feature the word "circle" sufficiently to lead the court to find that it standing alone would identify plaintiff's product. Cf. General Baking Co. v. Gorman, D.C., 295 F. 168, 172; California Prune & Apricot Growers Ass'n v. Dobry Flour Mills, 101 F.2d 838, 26 C.C. P.A., Patents, 910; Pro-Phy-Lac-Tic Brush Co. v. Hudson Products, D.C., 86 F.Supp. 859. The use of a similar word in different trade-marks does not establish that the word is a dominant feature thereof. General Baking Co. v. Gorman,

supra; Fawcett Publications v. Bronze Publications, Inc., 5 Cir., 173 F.2d 778, rehearing denied 5 Cir., 174 F.2d 646, certiorari denied 338 U.S. 869, 70 S.Ct. 144, 94 L.Ed. 533. Even assuming that "circle" is the dominant part of the mark, the fact that the stitching on a certain style of brassiere is circular in appearance and the fact that brassieres manufactured by others use words suggesting the idea of a circle or circular construction (Circlo-form, Circle-Lift) may sustain the contention that the word circle is descriptive rather than fanciful in so far as it applies to brassieres, cf. Douglas Laboratories Corp. v. Copper Tan, 2 Cir., 210 F.2d 453, 455, 456; Western Oil Refining Co. v. Jones, 6 Cir., 27 F.2d 205, 206, and minimizes the likelihood of confusion. 3 Restatement of Torts, Section 729g.

■ Though the plaintiff's trademark may be descriptive in part, it is still entitled to protection if it has acquired a secondary meaning and defendant's mark is confusingly similar. Cf. Douglas Laboratories Corp. v. Copper Tan, supra. Over $500,000 has been spent by the plaintiff and others in cooperation with it in advertising "Inner Circle" brassieres and over one million brassieres have been purchased at over $3,500,000 in the two and one-half years before the action was begun. Thus the plaintiff may be found to have established a secondary meaning for its trade-mark "Inner Circle". However, the court is of the opinion that a purchaser would not be confused and would not believe that the goods sold under the trade-mark "Dress Circle" are the products of the manufacturer of goods known and sold as "Inner Circle", Cf. Pro-Phy-Lac-Tic Brush Co. v. Hudson Products, supra, 86 F.Supp. at page 861, nor does the court believe that any confusing similarity of connoted meaning exists. The plaintiff's mark appears in a peculiar script, the defendant's in block type. Both marks have been used only in association with the name of the manufacturer and never alone. Defendant uses these two words only in its advertisements. The plaintiff uses its mark on packages and labels as well as in advertisements and there is not any similarity in the advertisements. Cf. Model-Etts Corp. v. Merck & Co., D. C., 118 F.Supp. 259, 263.

■ Though actual confusion need not be shown to sustain a finding of infringement, proof of actual confusion would be helpful in the determination whether a preliminary injunction should be granted. See Model-Etts Corp. v. Merck & Co., supra, 118 F.Supp. at page 263; Federal Telephone & Radio Corp. v. Federal Television Corp., 2 Cir., 180 F.2d 250, 251. It has not been shown that the marks confused any reasonably prudent or even careless purchaser of brassieres. Cf. American Chicle Co. v. Topps Chewing Gum, 2 Cir., 208 F.2d 560, 562.

■ It does not appear that plaintiff will suffer any irreparable damage if this preliminary injunction is denied. Nor does it appear the defendant cannot respond in damages.

■ The plaintiff asserts that it first became aware of defendant's use of "Dress Circle" in November, 1953. It does not deny that defendant has used the mark since August, 1952. In fact defendant's first use of "Dress Circle" was in a trade magazine in which plaintiff also advertised its "Inner Circle" brassieres. Though laches will not necessarily bar an action for infringement of a trade-mark, it may be the ground for the denial of a temporary injunction and presents a question of fact which must be tried. Quigley Pub. Co., Inc., v. Showmen's Round Table, Inc., D.C., 7 F. Supp. 410, 411; Best Foods v. Hemphill Packing Co., D.C., 295 F. 425; Kelly-Springfield Tire Co. v. Kelley Tire & Rubber Co., D.C., 276 F. 826, 827; C. O. Burns Co. v. W. F. Burns Co., C.C., 118 F. 944; See also Nims, Unfair Competition and Trade-Marks, 4th Ed. Section 415.

■ The motion papers do not disclose any evidence as to any unfair competition other than the evidence as to infringement of the trade-mark. Accordingly the motion for a preliminary injunction is denied.