**CHESTER BARRIE, LTD., Plaintiff,**

v.

**THE CHESTER LAURIE, LTD., and Samuel Kozinsky, d/b/u trade name and style of Dependable Clothing Company, Defendants.**

United States District Court
S. D. New York.

Oct. 18, 1960.

Stroock & Stroock & Lavan, New York City (Julius H. Sherman, Bernard Liles and Edward C. Rowe, New York City, of counsel), for plaintiff.

William J. Cantwell, New York City (Peter S. Kurtz, New York City, of counsel), for defendant.

BICKS, District Judge.

This is an action for trade mark infringement and unfair competition, tried to the court without a jury. Jurisdiction is founded on 28 U.S.C. § 1338(a). The claim for infringement being clearly substantial carries with it and confers upon this court jurisdiction to determine the related claim of unfair competition. Schreyer v. Casco Products Corp., 2 Cir., 1951, 190 F.2d 921, 924. See also Maternally Yours, Inc. v. Your Maternity Shop, Inc., 2 Cir., 1956, 234 F.2d 538, 543.[1]

The validity of plaintiff's registered trade mark is not disputed. In

1. Pendent jurisdiction of the unfair competition claim once having attached continues in this Court even if the primary infringement claim upon which it rests is found wanting in merit on trial of the claims. Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148; Schreyer v. Casco Products Corp., su-

pra, 190 F.2d at pages 923, 924; Hanson v. Triangle Publications, Inc., 8 Cir., 1947, 163 F.2d 74, 79; American Securit Co. v. Shatterproof Glass Corp., D.C.Del.1958, 166 F.Supp. 813, 824; Navy Club of United States of America v. All-Navy Club of United States of America, D.C.R.I.1949, 85 F.Supp. 679,

issue is whether defendants' conduct constitutes (a) an infringement of plaintiff's mark; (b) unfair competition. As the cases teach us, each allegation of infringement "must be judged on its own facts, and citation of authorities is not very helpful, except insofar as they show the general pattern." Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc., 2 Cir., 1960, 281 F.2d 755, 757.

Plaintiff, a New York corporation, was organized under the name Chester Barrie, Inc., on May 2, 1935. It changed its corporate title to Chester Barrie, Ltd., on January 25, 1951. Plaintiff has been engaged in the wholesale distribution of men's and women's clothing manufactured in and from materials processed in Great Britain. Its wares are resold by plaintiff's customers at retail in the following price ranges:

| Topcoats | $125 to $225 |
| Suits | $135 to $195 |
| Sport coats | $ 90 to $135 |

Plaintiff's predecessors in ownership of the mark, companies whose principals are likewise principals of the plaintiff, registered the mark "Chester Barrie" with the representation of a dog superimposed upon a cross-bow, in the United States Patent Office, on January 19, 1937. It had previously registered the mark in New York State on June 10, 1936. By instrument dated July 1, 1952 and recorded in the United States Patent Office on August 4, 1953, the trade mark and all rights therein were assigned to the plaintiff; on January 19, 1957 said mark was renewed for twenty years.

It is conceded that the mark "Chester Barrie" has been used by the plaintiff for men's clothing continuously since at least 1939.

The defendant, Samuel Kozinsky, President and principal stockholder of the corporate defendant, was from 1942 to 1955 engaged in the manufacture and distribution of men's clothing under the name "The Dependable Clothing Company."

The names "Chester Laurie", "Chester Laurie Sportswear" and "Chester Laurie of Hollywood" have been used by the defendant, Kozinsky, at various times since 1942. On June 5, 1946 the defendant Kozinsky applied to the United States Patent Office for registration of the mark "Chester Laurie of Hollywood" (the words "of Hollywood" were subsequently disclaimed).

Plaintiff's predecessors in ownership of the mark, first learned of defendants' use of "Chester Laurie" in 1948, and instructed its attorney to request the defendant, Kozinsky, to discontinue the use thereof. The pendency of defendants' application in the United States Patent Office for registration of the offending mark came to the attention of plaintiff's predecessor in 1951. It caused an opposition thereto to be filed and such proceedings thereafter were had that on October 27, 1952, the Examiner of Interferences sustained the opposition on the ground that the plaintiff's mark "Chester Barrie" and the mark "Chester Laurie" were confusingly similar. Despite notice as far back as 1948 of plaintiff's ownership of the mark "Chester Barrie" and its claim that "Chester Laurie" infringed thereon, and the Patent Office's denial in 1951 of defendants' application for registration, the defendant Kozinsky persisted in employing "Chester Laurie" in the business which he conducted as a sole proprietor under the name of The Dependable Clothing Company until 1955. Two years prior to discontinuing conduct of business in that style and under that name the individual defendant caused a corporation to be organized under the name Chester Laurie, Inc. In 1955, he caused the corporate name to be changed to "The Chester Laurie, Ltd." Chester Laurie, Inc. from 1953 to 1955 and Chester Laurie, Ltd. since 1955, have been engaged in the manufacture and distribution of men's clothing.

681; Gamlen Chemical Co. v. Gamlen, D.C.W.D.Penn.1948, 79 F.Supp. 622, 632; Bulova Watch Co., Inc. v. Stolz- berg, D.C.Mass.1947, 69 F.Supp. 543, 545, 546.

While no garment manufactured or sold by the defendant bears the corporate name or the words "Chester Laurie", these symbols have been and are utilized in advertisements, in both mass communication and trade media, on swatch brochures and other samples sent to retail distributors carrying defendant's line of clothing.

Defendant's advertisements, in both media, bear the corporate name or the words "Chester Laurie" prominently displayed, and are generally accompanied by a pencil-sketch representation or a photograph of men's clothing. In numerous of these advertisements the names of retail distributors carrying the defendant's product have been and are listed with an invitation to the reader to inspect and purchase defendant's products at those outlets.

It is not suggested that the name The Dependable Clothing Company, or that of its sole proprietor, Samuel Kozinsky, or of any person in any way connected with Chester Laurie, Ltd., bears any resemblance to "Chester Laurie".

It is undisputed that both lines of men's clothing are retailed within the same geographical area, and in many instances at the very same stores. While defendant's garments presently are sold in retail price ranges substantially lower than those of plaintiff, it does not license defendants to preempt the lower price ranges and foreclose plaintiff from changing its merchandising or pricing policies. Additionally, changes in economic conditions may impel plaintiff to lower the price of its product and materially lessen the differential.

Plaintiff has never consented to the use of the name or words "Chester Barrie" either with or without the suffixes "Inc." or "Ltd.", nor any colorable imitation thereof, nor has it authorized the use of its mark or any colorable imitation by any other person or organization.

Plaintiff's right to injunctive relief on the infringement as well as the unfair competition count, turns upon whether the defendant's use of "Chester Laurie, Ltd." "* * * is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods * * *." 15 U.S.C.A. § 1114(1). See, G. B. Kent & Sons, Limited v. P. Lorillard Co., D.C.S.D.N.Y.1953, 114 F.Supp. 621, 625 at footnote 12, affirmed per curiam 2 Cir., 1954, 210 F.2d 953.

Material to a determination of the "likelihood of confusion" are inter alia: the area of concurrent sale; the extent to which the goods are related; the extent to which the mark and the alleged infringing name are similar; the "strength" or novelty of the plaintiff's mark; evidence of bad faith or intention of the defendant in selecting and using the alleged infringing name; and, evidence of actual confusion. J. R. Wood & Sons, Inc. v. Reese Jewelry Corp., 2 Cir., 1960, 278 F.2d 157; Maternally Yours, Inc. v. Your Maternity Shop, Inc., supra, 234 F.2d at pages 542, 543; G. B. Kent & Sons, Limited v. P. Lorillard Co., supra, 114 F.Supp. at page 626.

It is clear that both plaintiff and defendant sell men's clothing, i. e., suits, sport jackets, etc. in the same geographical area, throughout New York, New Jersey, Pennsylvania, and various cities in the south and in many instances through the same stores. While the retail price ranges within which plaintiff and defendant sell their respective goods are not identical, each has sought as customers, persons subject to the lure of advertising which connotes an English origin as well as conservative styling. See, e. g., Avon Shoe Co. v. David Crystal, Inc., 2 Cir., 279 F.2d 607, at page 612. Plaintiff's garments are in fact manufactured in England and, while those of the defendant are not, defendant has by advertising and adoption of the suffix "Ltd." attempted to convey the impression that its product has English acceptance, if not origin.[2] While defendant has not affixed its corporate name to the garments it purveys, its advertisements directed to the ultimate consumer do prominently display the name and set forth

2. Defendant's advertisement in The New Yorker of August 29, 1959, p. 79, depicts a young man in vest and sport jacket seated on a bench and holding a cricket

the stores in various geographical areas where the garments are available under "Saint Laurie, Natural Shoulder Clothing."[3] Such advertisements are used as counter and window displays in those stores.

Plaintiff's mark is fanciful and arbitrary and *no word* in the mark can be considered descriptive. As such it is a strong mark, Standard Brands, Inc. v. Smidler, 2 Cir., 1945, 151 F.2d 34; G. D. Searle & Co. v. Institutional Drug Distributors, Inc., D.C.S.D.Cal.1957, 151 F. Supp. 715, 717, 718. No evidence was adduced indicating use of similar words by other than the defendant, and, while not binding upon the Court, it may consider that the Examiner of Interferences denied registration to "Chester Laurie" because of confusing similarity. Miles Shoes, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 1952, 199 F.2d 602, 603. To the ordinarily prudent purchaser the word "Chester", the suffix "Ltd.", and the visual and sonal effect of the names, *"Barrie"* and *"Laurie"* give rise to a "likelihood of confusion".

While *actual* confusion need not be established to sustain claims of infringement or unfair competition, see, e. g., Maternally Yours, Inc. v. Your Maternity Shop, Inc., supra, 234 F.2d at page 542, "where such proof has been adduced, weight should be given it." Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc., supra at pages 761, 762. Here, two of the salesmen employed by plaintiff testified that on separate occasions while calling on the trade, prospective customers made inquiry of them concerning garments manufactured by defendant, and, indeed, on one occasion a representative of "Sports Illustrated", a national magazine, phoned plaintiff asking for a jacket for the purpose of photographing it and inserting the photograph as part of an advertisement of defendant's wares. While ordinarily evidence

of actual confusion is difficult to secure, Miles Shoes, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 1952, 199 F.2d 602, 603, here there was evidence of actual confusion among persons engaged in the retail clothing business. Under the circumstances, the inference of "likelihood of confusion" by the ultimate purchaser is the more compelling. Assuming the confusion occurred through lack of care or inattention, it is nonetheless entitled to weight. See, e. g., Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc., supra at page 761; American Chicle Co. v. Topps Chewing Gum, Inc., 2 Cir., 1953, 208 F.2d 560, 563.

Evidence of a defendant's intention to appropriate a competitor's customers, or trade on his good will offers strong evidence of the likelihood of confusion. G. B. Kent & Sons, Limited v. P. Lorillard Co., supra, 114 F.Supp. at page 626. Here the inference of such a state of mind is inescapable, witness the incorporation of defendant subsequent to actual notice of plaintiff's mark, and, after defendant's application for registration of its mark was denied on the ground of confusing similarity. See, Avon Shoe Co. v. David Crystal, Inc., supra. The unexplained parallel change in corporate names,—Chester Laurie, Inc. to Chester Laurie, Ltd., following upon plaintiff's change of name from Chester Barrie, Inc. to Chester Barrie, Ltd.,—inclines the Court to the view that defendant's change was deliberate and purposeful with a view to accomplishing its apparent design of simulating plaintiff's mark.

Defendant's contentions that (1) use of a mark confusingly similar in its corporate title, and (2) it did not attempt to simulate the plaintiff's mark in its entirety, defeat plaintiff's claim are groundless. Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 1953, 205 F.2d 921, 1954, 215 F.2d

club, with the accoutrements of the cricket player lying on the bench.

3. See fn. 2, supra. See also, Esquire Magazine, October, 1959 at p. 177, No-

vember, 1959, at page 169, December, 1959, at page 100 and N. Y. Times Magazine September 29, 1957 at page 26.

434, certiorari denied 346 U.S. 886, 74 S.Ct. 138, 98 L.Ed. 391; American Insulation Co. v. Eternit Roofing Corp., D.C.E.D.N.Y.1926, 14 F.2d 235; Pan American World Airways v. Clipper Van Lines, D.C.E.D.N.Y.1951, 98 F.Supp. 524. The proscriptive statute, 15 U.S. C.A. § 1114, interdicts colorable imitation of a "registered mark", and does not require the infringing use to be any other than by a reproduction, counterfeit, copy or colorable imitation. Colorable imitation of part of a valid mark of another constitutes infringement where, as here, "the part * * * taken identifies the owner's product without the rest." Parfumerie Roger & Gallet v. M. C. M. Co., 2 Cir., 1928, 24 F.2d 698, 699; Caron Corp. v. Ollendorff, 2 Cir., 1947, 160 F.2d 444. The record clearly reflects that plaintiff's mark has been infringed.

 Against the factual background herein and the finding of infringement, defendant's contention that plaintiff's failure to show palming off defeats the unfair competition claim is without merit. Trade mark infringement is part of the broader law of unfair competition, United Drug Co. v. Theodore Rectanus Co., 1918, 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141, and unfair competition is governed by "essentially the same principles" as trade mark infringement. Avon Shoe Co. v. David Crystal, Inc., supra, 279 F.2d at page 614; American Auto Ass'n v. Spiegel, 2 Cir., 1953, 205 F.2d 771, 774, certiorari denied 1953, 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; Iowa Farmers Union v. Farmers' Educational and Cooperative Union, 8 Cir., 1957, 247 F.2d 809, 819.

 In view of the failure of the plaintiff to demonstrate "material damage" an accounting will not be ordered. Admiral Corp. v. Penco, Inc., 2 Cir., 1953, 203 F.2d 517, 521, and cases cited therein.

A decree may be submitted in accordance with this opinion.

The foregoing shall constitute Findings of Fact and Conclusions of Law in accordance with Fed.R.Civ.P. 52(a), 28 U.S.C.