95 F.Supp. 320 (1951)
LANE BRYANT, Inc.
v.
GLASSMAN et al.
Civ. A. No. 5632.
United States District Court, E. D. Missouri, E. D.
January 17, 1951.
*321 Rogers & Ezell, St. Louis, Mo., for plaintiff.
Walter S. Berkman, St. Louis, Mo., for defendants.
HARPER, District Judge.
The Court has heard the evidence, and has considered the arguments and briefs in the above case. As a result, it makes the following findings of fact and conclusions of law.
The findings of fact are:
This is a suit for infringement of a federally registered trade-mark and for unfair competition, based upon plaintiff's claim of ownership of the federally registered and common law trade-mark and trade name Lane Bryant for Maternity Wear and plaintiff's claim that defendants' use of Maternalane infringes, and constitutes unfair competition with plaintiff's claimed mark.
Plaintiff is Lane Bryant, Inc., a corporation of Delaware. Defendants are Samuel P. Glassman and Doris L. Glassman, copartners doing business under the name and style Maternalane, and Maternalane, Inc., a corporation of Missouri.
Jurisdiction is based upon the trade-mark laws of the United States and upon diversity of citizenship, the amount in controversy being in excess of $3,000.00 exclusive of interest and costs.
The Lane Bryant Maternity Wear business originated about 1900, and since about 1910 has operated under the trade-mark and trade name Lane Bryant. While the Lane Bryant business has always included garments other than maternity wear, maternity wear has been a major specialty from the very first. Lane Bryant was a pioneer in the wholesale and retail sale and distribution of maternity clothing and of its styling.
The Lane Bryant business has expanded until it now operates eight Lane Bryant stores and owns twelve stores operating under names other than Lane Bryant, but which stores merchandise Lane Bryant Maternity Wear. These stores are located in various cities of the United States. The Lane Bryant store has operated continuously in downtown St. Louis since 1926. Lane Bryant also operates a mail order business that now has become nation-wide.
The Lane Bryant Maternity Wear business has grown to very large proportion, both nationally and in the St. Louis store since the latter was opened in 1926. The Lane Bryant mail order department has been operated continuously since 1910, and has developed a very large maternity wear *322 business of national scope, and specifically extending into the market here involved.
During the course of the years, Lane Bryant has spent very large sums for advertising, both for the St. Louis Lane Bryant store and for the other stores, and for the mail order business. Much advertising and publicity of Lane Bryant as a source of Maternity Wear has been on a national basis, in addition to the large local advertising for the Lane Bryant stores and departments.
In connection with its sales, advertising, promotion and publicity of Maternity Wear, Lane Bryant has always featured the name Lane Bryant, both as a business name and as a trade-mark upon the Lane Bryant Maternity Wear garments. Plaintiff has made a continuous and effective effort to associate Maternity Wear and Lane Bryant together in the public mind. The name Lane Bryant has become so associated with Maternity Wear as to be virtually synonymous therewith.
On February 14, 1928, Lane Bryant obtained federal registration No. 238,911 for the name Lane Bryant.
The evidence shows that, by virtue of the long association in connection with a large volume of sales, by virtue of the long association in a large volume of advertising and promotion of Lane Bryant as a source for Maternity Wear, plaintiff has established ownership by way of secondary meaning of any combination of the words "Lane Bryant" and "Maternity" or of the words "Lane" and "Maternity" so that, where the words "Lane" and "Maternity" appear in combination, the public accepts such combination as being a representation of the plaintiff, Lane Bryant, Inc.
The value of the plaintiff's good will in the trade name comprising Lane Bryant Maternity Wear or the combination of "Lane" and "Maternity" greatly exceeds $3,000.00.
During the course of the years, Lane Bryant also has sold clothing other than maternity wear clothing, and especially clothing for stout women.
The partnership defendants opened their business under the name Maternalane in Clayton, a suburb of St. Louis, in December, 1946. They were notified of trade-mark infringement and unfair competition in February, 1947. The partnership defendants entered the business under the name Maternalane with the specific objective of selling Maternity Wear only. The Glassmans knew of the Lane Bryant Maternity Wear business prior to the adoption of the name Maternalane for their shop. The corporate defendant opened a shop in downtown St. Louis, under the name Maternalane after this suit was brought. The corporation is owned primarily by the individual defendants and their immediate relatives. The two businesses are managed by the partnership defendants. The name Maternalane has been used by the defendants for the two shops, and at some times used upon the garments sold at the shops, and upon the cartons and other packaging and shipping material for garments distributed from the shops, both in local and interstate commerce. It is undisputed that the name Maternalane is an intentional combination of the words "Maternity" and "Lane". This is the same combination of words of which plaintiff has ownership by usage and secondary meaning.
Confusion is a present fact and a future likelihood. The record establishes that confusion has existed among the public and particularly women of child-bearing age, and establishes that confusion in the future is a continuing likelihood.
Infringement of the foregoing combination of "Maternity" and "Lane" by the defendants' use of the name Maternalane constitutes infringement of plaintiff's rights and unfair competition.
It does not appear that the plaintiff has been damaged to an extent necessary to justify an award of an accounting.
The Court makes the following conclusions of law:
The Court has jurisdiction of the cause and the parties based on one or more of the following rules:
(1) The claim for infringement of the plaintiff's federally registered trade-mark Lane Bryant, in force when this suit was filed, is a matter cognizable in the federal *323 court by statute. This claim is a substantial one.
(2) Where a federal court has original jurisdiction because of the claim of infringement of a federally registered trade-mark that is not plainly without substance, a federal court has derivative jurisdiction of related unfair competition counts, regardless of citizenship of the parties or the amount in controversy; the claim of unfair competition here is clearly related to the claim for infringement of the federally registered trade-mark.
(3) The Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., gives original federal jurisdiction of unfair competition claims affecting federal commerce regardless of any federal registration, and regardless of the citizenship of the parties or the amount in controversy.
(4) In the present case, there is diversity of citizenship and the amount in controversy exclusive of interests and costs exceeds $3,000.00. The amount in controversy is determined by the value to the plaintiff of the good will associated with the trademark or trade name.
A trade-mark registration, being prima facie evidence of ownership of the mark by the registration, and the evidence supporting the prima facie ownership, the name Lane Bryant is the trade name and trade-mark of plaintiff in connection with Maternity Wear.
Trade-Mark and trade name rights may be accrued by long and extensive promotion and use thereof in connection with the sale or distribution of goods and merchandise. The plaintiff Lane Bryant has obtained ownership in the name Lane Bryant for Maternity Wear and to the combination of the words "Lane" and "Maternity" in connection with the sale of Maternity Wear.
Since the combination of "Lane" and "Maternity" has come to indicate that maternity clothing with which the combination is used are goods coming from plaintiff, this combination as a trade-mark or trade name is entitled to protection. Such protection includes injunction against the use by a subsequent user of a name or mark that is so similar to the plaintiff's trade name that there is reasonable likelihood of confusion of source such that prospective purchasers or clients are likely to regard the name as indicating the source identified by the name, and consequently to cause future injury to the good will, reputation or business of the plaintiff. The plaintiff is entitled to its injunction against the use by the defendants of Maternalane or any other similar or colorable combination of the two words "Maternity" and "Lane".
It is not a necessary prerequisite to relief in cases of this nature that someone in point of fact has been deceived, or that the plaintiff in point of fact has sustained actual loss of business, injury to good will or damages, or that fraudulent intent of the defendant be shown. Under the statutory federal law of trade-marks, as well as under federal decisions and Missouri decisions, likelihood of confusion is sufficient to support an injunction whether or not actual confusion has already occurred. However, since actual confusion has occurred, such is strong evidence that confusion in the future is likely to continue.