## MILES SHOES, Inc. v. R. H. MACY & CO., Inc.

### No. 13, Docket 22360.

United States Court of Appeals
Second Circuit.
Argued Oct. 15, 1952.

Decided Nov. 3, 1952.

Thomas M. Green, New York City (Thomas V. Kelly, Yonkers, N. Y., Francis C. Browne and William E. Schuyler, Jr., Washington, D. C., counsel), for defendant-appellant.

Edward G. Roe, New York City (William P. Shea, New York City, counsel), for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Following a denial of registration by the Commissioner of Patents[1] plaintiff, Miles Shoes Incorporated, instituted this action under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, for an adjudication that he was entitled to register the trade mark "GROPALS" as used on, *inter alia*, shoes and hosiery; for a declaratory judgment that its trade mark does not infringe defendant's registered trade mark "GRO (representation of a tree) SHOE," and for a decree that defendant's registration is invalid. Defendant counterclaimed for an injunction claiming trade mark infringement; claims for relief for unfair competition and an accounting were also asserted, but subsequently withdrawn. The district court held defendant's registered trade mark to be valid, but that neither it nor defendant's common law trade mark "Gro-Sock" was infringed by the plaintiff's trade mark which accordingly was entitled to registration. The defendant appeals.

Under either the standards of the Act of 1905, 15 U.S.C. § 81 et seq., or the Lanham Act of 1946, 15 U.S.C.A. § 1051 et seq., it is our opinion that the district court's conclusion was erroneous. The law of 1905 governs the defendant's right to register; the Act of 1946 is applicable to the question of infringement. Where the question of confusing similarity is based solely on the marks themselves, this court has said that: "* * * we are in as good a position as the trial judge to determine the probability

1. 79 U.S.P.Q. 338, November 23, 1948.

of confusion." Eastern Wine Corp v. Winslow-Warren, Ltd., 2 Cir., 137 F.2d 955, 960.

Infringement is based on the existence of similarity such as would cause confusion of any appreciable number of ordinarily prudent purchasers as to the source of the goods. Restatement of Torts § 728; LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115. While it might be unlikely that a customer would confuse Macy's store with Miles, confusion as to whether the same manufacturer had made the goods seems to us likely. The insertion of the added word "Miles" before the plaintiff's trade mark does not appreciably diminish this likelihood of confusion, Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526.

 No conclusive criteria to test the possibility of confusion are possible. See Restatement of Torts § 729. Moreover, since reliable evidence of actual instances of confusion is practically almost impossible to secure, particularly at the retail level, in the final analysis the decision must rest on the court's conviction as to possible confusion. One factor to be considered in this case is the decision of the Commissioner of Patents denying registration, since his familiarity in dealing with such problems may properly be accorded substantial weight. Cf. Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486. While the visual similarity between "MILES GRO-PALS" and "GRO (representation of a tree) SHOE" in itself might not be confusing, the fact that the goods on which the marks are affixed are identical, together with the additional fact that the two words are closely alike in sound, make confusion likely. While purchasers of children's shoes doubtless will use care in selecting them, the similarity of the marks is such that they could easily become confused as to who was the manufacturer. Although the plaintiff presented evidence of the registration of more or less similar trade marks, the only evidence of the use of such a trade mark was by William Hahn & Co.—"Gro-Nups"—whose stores are in different geographical areas. Such a use does not affect the uniqueness of Macy's mark in a different area, which Hahn had never chosen to enter. Cf. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713. Miles sought registration of its trade mark in 1945 when it had only been using it for about three months. Why it should have chosen a mark that had long been employed by Macy and had become known to the trade instead of adopting some other means to identify its goods is hard to see unless there was a deliberate purpose to obtain some advantage from the trade which Macy had built up. It seems unlikely that Miles would have suffered any loss if it had avoided the use of a confusing symbol and we believe that it should employ some fairer means for designating its product. Even though the decision below purports to uphold defendant Macy's trade mark, it permits competition from one so much like it as effectually to destroy any vitality to the Macy mark.

 For the foregoing reasons the decision of the district court is reversed; and an injunction granted restraining Miles from the use of the trade mark "GRO PALS" on shoes, hosiery and related items.