**ROYAL TYPEWRITER COMPANY,**
Inc., Plaintiff,

v.

**Arnold Alfred CACHELIN,** doing business under the name and style of Zelandia Importers, Defendant.

United States District Court,
S. D. New York.

Oct. 4, 1954.

Francis J. Sullivan, and Edward Halle, New York City, for plaintiff.

Timen & Waters, by Stanley Wolder and Lawrence S. Timen, New York City, for defendant.

BONDY, District Judge.

This is an action for infringement of registered trade-marks and unfair competition. It has been ordered that the alleged counterclaim shall be tried by a jury if injunctive relief should be denied.

The plaintiff, Royal Typewriter Company, Inc., was incorporated under the laws of the State of New York and is engaged in the business of manufacturing and selling typewriters and accessories in interstate and international commerce. In 1906 it began using the word "Royal" in block type as a trade-mark for its typewriters and in 1911 in distinctive type. In 1926 it began using the trade-mark "Roytype" for its typewriting accessories. These marks were registered on April 2, 1907, May 3, 1931 and September 24, 1940 respectively and the registration thereof duly renewed.

Plaintiff manufactured and sold more than 8,000,000 "Royal" trade-mark typewriters since 1906 and it and its dealers have spent millions of dollars in advertising and promoting the sale of its typewriters and accessories bearing one or both of such marks.

The defendant is a citizen of France, engaged in the business of importing and selling typewriters manufactured in France by the E'tablissment Rooy S.A. bearing the trade-mark "Rooy", which is the family name of some of the directors and stockholders of the manufacturer.

The first syllable of plaintiff's trade-marks "Royal" and "Roytype" is "Roy". It is the dominant part of those words. In the distinctive mark the "R" is the most conspicuous letter. It ends in a long curve extending, under the letters "O Y A", to the last letter "L", by the bottom of which the curve is continued.

The mark "Rooy" is in script and includes the letters "oo". Like in plaintiff's mark the first letter "R" in "Rooy" is its most conspicuous letter. It also ends in a long curve extending under the letters "oo" to the bottom of the last letter "y" by which the curve is continued.

During the trial defendant's counsel himself pronounced the word "Rooy" as "Roy". An advertisement by a department store includes the statement "Vive the Rooy! Rooy (pronounced Roy) * * *". A news item in a New York newspaper similarly states that "rooy" is pronounced "roy".

Defendant's counsel conceded that plaintiff is the largest manufacturer of typewriters in the world and that "the validity of its trade-mark is not in question here" and that "the case boils down to the question of whether or not the mark 'Rooy' infringes on the 'Royal' and 'Roytype'."

The word "royal" is not descriptive of plaintiff's typewriter or its quality. Cf. Raymond v. Royal Baking Powder Co., 7 Cir., 85 F. 231, 236; Royal Baking Powder Co. v. Royal, 6 Cir., 122 F. 337.

On May 18, 1954, after this case had been tried, a French court in Paris, the Tribunal De Premiere Instance De La Seine, Troisieme Chambre, Premier Section, in an action brought by the Royal Typewriter Company against the Societe Rooy, which company manufacturers the typewriters bearing the trade-mark "Rooy" which had been registered in the Tribunal du Commerce de la Seine December 16, 1949, invalidated and cancelled the "Roy" trade-mark. It held that "Rooy" alone, infringed plaintiff's marks "Royal" and "Roytype" notwithstanding that it found the family name of some of the directors and stockholders of the Rooy Company to be Rooy.

There accordingly is likelihood that "Rooy" may cause some confusion as to the source or origin of any typewriter bearing that mark alone.

"Infringement is based on the existence of similarity such as would cause confusion of any appreciable number of ordinarily prudent purchasers as to the source of the goods." Miles Shoes, Inc., v. R. H. Macy & Co., Inc., 2 Cir., 199 F.2d 602, 603, certiorari denied 345 U.S. 909, 73 S.Ct. 650, 97 L.Ed. 1345; see 15 U.S.C.A. § 1114. "This test must be applied by comparing and contrasting the accused trade-mark with the purchaser's assumed memory of the plaintiff's trade-marks. * * * In thus testing the memory of the ordinary careful purchaser, the court must consider the appearance of the two trademarks as to form and color and their similarity or difference in sound or meaning when pronounced." Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 148 F.2d 909, 911, certiorari denied 326 U.S. 727, 66 S.Ct. 32, 90 L.Ed. 431; see also United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997, 1000, certiorari denied 311 U.S. 665, 61 S.Ct. 22, 85 L.Ed. 427, Rex and Rexall; Esso, Inc., v. Standard Oil Co., 8 Cir., 98 F.2d 1, 5; Cf. LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115, 117, certiorari denied 329 U.S. 771, 67 S.Ct. 189, 91 L.Ed. 663.

Actual confusion of the two marks need not be proved since likelihood of deception and confusion is sufficient to establish infringement. George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 142 F.2d 536, 538, certiorari denied 323 U.S. 756, 65 S.Ct. 90, 89 L.Ed. 606; LaTouraine Coffee Co. v. Lorraine Coffee Co., supra, 157 F.2d at page 117.

On account of the similarity of sound and appearance, the court finds that it is likely that an appreciable number of ordinarily prudent purchasers exercising the care reasonably to be expected in the purchase of a typewriter would be confused as to the source of a typewriter bearing the mark "Rooy" as it now appears and accordingly that plaintiff's marks "Royal" and "Roytype" have been infringed by the sale by the defendant of typewriters bearing the trademark "Rooy".

Plaintiff's right to the benefits of its trade-marks cannot be affected by the fact that it was not the defendant who affixed the marks to the Rooy machine which he sold. See 15 U.S.C.A. § 1114. There is not any evidence that the defendant or any other dealer ever palmed off any "Rooy" marked typewriter as plaintiff's.

Even if plaintiff's trade-marks were not valid, and if the defendant were not an infringer, he was guilty of unfair competition because the court finds that plaintiff's marks have acquired a secondary meaning by reason of its extensive and long-continued advertising and the enormous number of typewriters bearing these marks, that have been sold. See Restatement of Torts, Vol. 3, p. 560; Shaler Co. v. Rite-Way Products, 6 Cir., 107 F.2d 82, certiorari denied 310 U.S. 634, 60 S.Ct. 1076, 84 L.Ed. 1403; Wisconsin Electric Co. v. Dumore Co., C.C., 35 F.2d 555, certiorari granted 281 U.S. 710, 50 S.Ct. 333, 74 L.Ed. 1132, certiorari dismissed 282 U.S. 813, 51 S.Ct. 214, 75 L.Ed. 728; Lane Bryant, Inc., v. Glassman, D.C., 95 F.Supp. 320

There has been no showing of any facts warranting an accounting and an accounting is accordingly denied. Q-Tips, Inc. v. Johnson & Johnson, 3 Cir., 206 F.2d 144, 148, 149, certiorari denied 346 U.S. 867, 74 S.Ct. 106; see Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 131, 67 S.Ct. 1136, 91 L.Ed. 1386; 15 U.S.C.A. § 1117.

Accordingly the plaintiff is entitled to judgment enjoining the defendant from using "Rooy" unless the mark used is accompanied by appropriate language indicating that the product is made by the Societe Rooy and not by the plaintiff.