JAVAR COFFEE CO., Inc., Plaintiff,

v.

JOS. MARTINSON & CO., Inc., Defendant.

United States District Court
S. D. New York.
June 14, 1956.

Socolow, Stein & Seton, New York City, for plaintiff.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant, Paul Martinson, Charles J. Meyers, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff brings this action (1) for a declaratory judgment that its use of the name "Javar" does not infringe upon defendant's trade-mark "Jomar", and (2) for an injunction restraining defendant from making any statements to plaintiff's customers that plaintiff's use of the name "Javar" constitutes an infringement. Defendant counterclaims for an injunction to prevent plaintiff's continued use of "Javar" and for an accounting. Motions by both parties for injunctions *pendente lite* are before me.

There is no real dispute as to the facts. Defendant has a valid and registered trade-mark "Martinson's Jomar" which it has used for at least three years to identify instant coffee that it sells. Plaintiff has recently commenced sales of "Javar Instant Coffee" which is said to aid in reducing weight because of an appetite-killing substance mixed with it.

Defendant points to the following circumstances which, it states, create confusion of the products in the minds of customers: the names sound alike; each name has two syllables and is accented on the first; each name has five letters and the first, fourth and last are identical in each with the corresponding letters in the other; they are packed in similar sized bottles both dressed in bright colors; both are instant coffees; both are labeled and advertised in block letters of similar character.

Plaintiff, on the other hand, argues that the names are visually and phonetically distinguishable. Furthermore, it states that confusion is precluded by the different dress of the two bottles, plaintiff's being predominantly red and white with a little yellow and defendant's predominantly yellow and green with a little red. Moreover plaintiff argues that each party appeals to a different segment of the public: defendant sells to coffee drinkers in general while plaintiff attracts only those who wish to reduce weight. Defendant's product retails for approximately 60¢ while a comparable size of plaintiff's product retails at $1.98.

In rebuttal, defendant contends that whatever differences there may be in price and purpose of the two products do not decrease the confusion but add to the injury. Defendant says that the public, in confusing the two names, might believe that defendant has raised its prices

or that defendant has "stooped to the production of a gastronomically inferior coffee, in consonance with the current fad of reducing foods." Either of these consequences, it is argued, would result in irreparable injury to defendant.

The remedy of injunction pendente lite is particularly well suited to the state of affairs here whether plaintiff or defendant is to be enjoined. The facts are uncontested and there is therefore little likelihood of the offer of much additional evidence at a final hearing. Ross-Whitney Corp. v. Smith Kline & French Laboratories, 9 Cir., 207 F.2d 190, 198; 4 Callmann, Unfair Competition and Trade-Marks 1828–29 (2d Ed. 1950). I therefore turn to the question whether the two marks are so similar that confusion is created.

Defendant has the burden of showing that the marks used are so similar that confusion is likely to result among reasonably careful purchasers. LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115. Plaintiff argues that, while defendant's president makes a general allegation that confusion has resulted, not one actual case of confusion is shown. This is irrelevant since the LaTouraine case teaches that no such evidence is required.

Each case involving trade-mark infringement must be decided on the facts of that case; a case on all fours is impossible and nothing less is controlling. Considering prior decisions in this field, however, I find that infringement has been found in many cases where the marks used were less similar to one another than those here. See, e. g., La-Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115, supra, (La-Touraine and Lorraine), and cases cited therein. Also see Miles Shoes, Inc., v. R. H. Macy & Co., 2 Cir., 199 F.2d 602 (Gropals and Groshoe); Royal Typewriter Co. v. Cachelin, D.C.S.D.N.Y., 127 F.Supp. 173 (Royal and Rooy).

The alleged differences in the dress of the two products do not obviate the likelihood of confusion between the two marks. The bottles used by both parties are physically similar. Since both use bright colors, it is doubtful that any customer would notice that he was purchasing the wrong product solely because of the different colors. In addition, defendant advertises on the radio where colors play no part. See Fuller v. Huff, 2 Cir., 104 F. 141.

Plaintiff argues that, because defendant uses the words "Martinson's Jomar" instead of just "Jomar" alone, no confusion is possible with plaintiff's single word "Javar". A similar argument was made in Miles Shoes, Inc., v. R. H. Macy & Co., 2 Cir., 199 F.2d 602, supra. There the respective terms were "Groshoe" and "Miles Gropals" but the court held that the fact that one contained one word and the other two did not appreciably diminish the likelihood of confusion.

Plaintiff's last contention is that it was not aware of the existence of defendant's trade-mark when it commenced selling its product. While it is difficult to imagine that anyone could embark upon the sale of instant coffee, even though medicated, without knowing the brand names under which unalloyed instant coffee was sold, I will assume that plaintiff arbitrarily chose the mark "Javar" because of its similarity to the name of an island source of coffee that has become a cant term for coffee no matter where produced. Good faith of the infringer, however, is no defense when confusion is established. LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115, 118, supra.

I find that the two marks are so similar that confusion is probable. It may well be that no one seeking Instant Martinson's Jomar Coffee would have Javar Instant Coffee palmed off on him. Perhaps the difference in price precludes that. Nevertheless the similarity of the names and the fact that the earlier product is coffee while the later is coffee with an additive are likely to give the impression that the later product is produced by the producer of the earlier. It is unfair to subject the owner of the

trade-mark to the hazard of having his reputation identified for better for worse with that of the newcomer. Standard Brands v. Smidler, 2 Cir., 151 F.2d 34, 37.

Plaintiff's motion is denied.

Defendant's motion is granted.

Settle order on notice.