**PHILCO CORPORATION and Philco Distributors, Inc., Plaintiffs**

v.

**Lee WINER, doing business under the firm names and trade styles of Philco-York Service Company and Bendix Service Company of New York, Defendant.**

United States District Court
S. D. New York.
Dec. 19, 1960.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiffs.

Samuel J. Stoll, Jamaica, N. Y., for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiffs, the Philco Corporation and its wholly owned subsidiary, Philco Distributors, Inc., move for a preliminary injunction to restrain the defendant, Lee Winer, from using the names "Philco" and "Bendix" in connection with the names of his businesses and in advertising and publicity for these businesses.

Plaintiff, Philco Corporation, is an internationally known manufacturer of electrical appliances, while Philco Distributors, Inc., is engaged in the distribution and maintenance of appliances manufactured by the parent corporation. Since 1919, Philco Corporation has used the name "Philco" as a trade name for its products and services, and this name has been continually registered with the United States Patent Office and with the Secretary of State of New York State. In addition, in 1956, Philco Corporation purchased the business and good will of the Bendix Division of the Avco Manufacturing Corporation, including all rights in the trade-mark "Bendix", which also has been registered in the United States Patent Office. Since then, the plaintiffs have used the name "Bendix" in connection with their products and services, now apparently exclusively in the form of "Philco-Bendix".

Defendant Winer whose store is located at 3956 Broadway in New York City is engaged in the business of selling, renting and servicing electrical appliances in the New York City area. He operates under a variety of firm names, including Bendix Service of New York and Philco-York Service of New York. It appears that he used the name Bendix Service of New York without objection from the plaintiffs or their predecessors, the Avco Manufacturing Company, from 1949 until November 30, 1959. Defendant used the name "Philco-York Service of New York" without objection by the plaintiffs from 1956 until November 30, 1959. On that date, Philco Corporation notified the defendant by letter that, because of numerous complaints from customers as to the quality of defendant's service, defendants's membership in the Philco Factory Supervised Service System would be discontinued after December 31, 1959. The letter further instructed the defendant to cease using Philco Corporation's trademarks in any way subsequent to December 31, 1959.

Prior to this date, defendant used these trademarks in customer invoices, signs, and in extensive advertising in the alphabetical and classified telephone directories. After January 1, 1960, much of the defendant's advertising in telephone directories has been discontinued, due to a policy of the telephone company not to accept such advertising unless the person seeking to place the advertisement warrants either that he is the owner of the trade name sought to be used,

or that he is authorized by the owner of the name to use it. However, it is not disputed that defendant still continues to use these names in the regular listings of the alphabetical and classified directories, as well as in signs at his place of business, customer invoices, and other customer contacts.

It is this continued use which the plaintiffs seek to enjoin here. Plaintiffs premise their request for relief upon a claim of trademark infringement in violation of the Lanham Act, 15 U.S.C.A. § 1051 et seq., unfair competition, and also upon an alleged violation of Section 368–c of the New York General Business Law, McKinney's Consol.Laws, c. 20.[1] In the view which I take of the case, it is necessary to discuss only the claim of trademark infringement.

15 U.S.C.A. § 1114(1) provides, in relevant parts:

"Any person who shall, in commerce, (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services * * * shall be liable to a civil action by the registrant for any or all of the remedies hereinafter provided in this chapter * * *."

15 U.S.C.A. § 1116 includes injunctive relief among the applicable remedies.

■ The test for infringement of trademarks is clearly set out in the statutory language itself: the likelihood of customer confusion. See Admiral Corp. v. Penco, Inc., 2 Cir., 1953, 203 F.2d 517; G. B. Kent & Sons, Limited v. P. Lorillard Co., D.C.S.D.N.Y.1953, 114 F.Supp. 621, 626, affirmed 2 Cir., 1954, 210 F.2d 953.

"The test is the likelihood that an appreciable number of ordinarily prudent purchasers will be confused."

G. B. Kent & Sons, Limited v. P. Lorillard Co., 114 F.Supp. at page 626. See also Miles Shoes, Inc. v. R. H. Macy & Co., 2 Cir., 1952, 199 F.2d 602, certiorari denied 1953, 345 U.S. 909, 73 S.Ct. 650, 97 L.Ed. 1345 and, for the most recent discussion and review of authorities in this area, see Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc., 2 Cir., 1960, 281 F.2d 755.

■ That such confusion is not only likely, but virtually a certainty in the present case is apparent. Certainly a reasonable customer dealing with "Bendix Service of New York" or "Philco-York Service of New York" would normally believe that these firms had some official connection with the nationally known and reputable Philco organization. In fact, the plaintiffs have attached to their moving papers a number of exhibits indicating instances of actual customer confusion. While it is the likelihood of confusion, not instances of actual confusion, which is controlling, these exhibits are clear evidence of a likelihood of confusion present here, which cannot seriously be disputed. Indeed, instances of actual confusion are logically the best evidence of the likelihood of confusion. See Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc., supra.

It is clear that, unless the defendant is enjoined, the plaintiffs will suffer irreparable damage to good will and reputation. Indeed, the inference is virtually inescapable that the defendant selected these names in the first instance and has continued their use so as to capitalize on the good will attaching to them.

Thus, the plaintiffs' motion for a preliminary injunction must be granted. The defendant is enjoined from using

1. The claim under Sec. 368–c of the New York General Business Law is only in relation to the trade-mark Philco, since

the name "Bendix" is not registered with the Secretary of State of New York State.

the names "Bendix Service of New York" and "Philco-York Service of New York" in any respect whatsoever, and from using the names "Philco" and "Bendix" in connection with the names of his businesses, or in any manner indicating official connection with, or authorization by, the plaintiffs. This does not prevent the defendant from indicating to his customers, in a manner not inconsistent with this opinion, that he services Philco and Bendix appliances. Settle order.