The **INTERNATIONAL SILVER COMPANY**, Plaintiff,

v.

**ROGER CHROMEWARE, INC.**, English Silver Manufacturing Corp., Martin Rosen, Fred Rosen and Peter Varisco, Defendants.

**Civ. No. 64 C 840.**

United States District Court
E. D. New York.
Oct. 23, 1964.

Watson, Leavenworth, Kelton & Taggart, New York City, for plaintiff; Leslie D. Taggart, New York City, of counsel.

Milton Friedman, New York City, for defendants Roger Chromeware, Inc., and Peter Varisco.

Nathan & Nathan, New York City, for defendants English Silver Mfg. Corp., Martin Rosen and Fred Rosen; Sylvan H. Nathan, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff moves for a preliminary injunction restraining the defendants from using the name "Roger" allegedly infringing plaintiff's mark Rogers.

It appears that the following inscription was stamped on the backs of defendants articles:

"ROGER CHROMEWARE INC
BY
SIL-VARWARE CO."

No principal or employee of the defendants was born with the name "Roger". The individual defendants derived the name by combining some of the letters of their names.

The plaintiff claims that the use of the mark "Roger" by the defendants will tend to confuse the public in believing that the defendants' wares are those of the plaintiff or that the plaintiff has authorized the defendants to sell this named merchandise and that the plaintiff will sustain irreparable damage in that its reputation, developed by it during the period of more than a century, will be destroyed. The defendants' merchandise is chrome-plate.

■■ It is common knowledge that the name "Rogers" is associated with fine silverware. The plaintiff has over the years developed an excellent reputation in this field. It is well settled that appropriation of a portion of a well known name constitutes infringement. Brooks Bros. v. Brooks Clothing of California, D.C., 60 F.Supp. 442, affirmed 9 Cir., 158 F.2d 798, certiorari denied 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840. The courts have enjoined variation of famous names, Santa's Workship, Inc. v. Sterling, 2 A.D. 2d 262, 153 N.Y.S.2d 839, affirmed 3 N.Y.2d 757, 163 N.Y.S.2d 986, 143 N.E.2d 529.

The Court in Lincoln Restaurant Corp. v. Wolfies Rest., Inc., D.C., 185 F.Supp. 454, affirmed 291 F.2d 302, at page 303, 2 Cir., 1961 held in part:

"All this evidence lends solid support to Judge Byers' finding that defendant's adoption of the name 'Wolfies' is compatible with nothing but 'a purpose to capitalize in Brooklyn upon the trade name "Wolfies" first adopted by the plaintiffs in Miami Beach.' Thus intent to trade

on plaintiffs' reputation and plaintiffs' name was specifically found, and we see no distinction between this and ordinary 'palming off' in a products case. As this court has recently recognized, 'a court of equity will restrain such practices as constitute palming off, actual deception or appropriation of another's property' even absent proof of secondary meaning." See cases cited.

The Court, after careful examination and consideration of the affidavits, briefs and argument, concludes that a preliminary injunction is warranted.

The plaintiff will post a bond in the sum of $1,000.

Settle decree on three (3) days' notice.