**ATLAS SUPPLY COMPANY, Plaintiff-Appellee,**

v.

**ATLAS BRAKE SHOPS, INC., Defendant-Appellant.**

**No. 16367.**

United States Court of Appeals
Sixth Circuit.
May 10, 1966.

Richard C. Curry and Albert A. Rogoff, Cincinnati, Ohio, McIlwain, Rogoff & Curry, Cincinnati, Ohio, on brief, for appellant.

William Tousley Smith, Cleveland, Ohio, McAfee, Hanning, Newcomer, Hazlett & Wheeler, Cleveland, Ohio, John A. Benjamin, Benjamin & Faulkner, Cincinnati, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This is an appeal from an order of the District Court granting a summary judgment to appellee, Atlas Supply Company. The facts have been stipulated. Atlas Supply Company is a corporation established to acquire and maintain the "Atlas" trademark for automobile tires, batteries and accessories, referred to in the industry as 'T.B.A.' Atlas accessories included brakes. The corporation licenses several Standard Oil companies throughout the nation to use the Atlas trademark on these products. In the Cincinnati, Ohio area only the Sohio corporation is licensed to use the Atlas trademark on these products, which are sold by its service station outlets. Atlas Supply Company neither manufactures nor sells the products which bear its trademark. It has sixty-eight registrations in the United States Patent Office for its Atlas trademark as applied to T.B.A.

Appellant, Atlas Brake Shops, Inc., is engaged in the Cincinnati, Ohio area in the retail sale and installation of brakes and parts therefor, at three garages. Appellant sells relined brakes which are made up of new brake lining bonded on used brake shoes. They are purchased from various independent rebonders.

Appellee's licensees sell only new brakes.

The brakes, parts, and packages sold by appellant do not bear the "Atlas" designation; however, its identifying and advertising signs at its three garage locations are labelled "Atlas Brake Shops, Inc." In addition, it advertises its products in the local newspaper as "Atlas Brakes," and it is listed in the local telephone book as "Atlas Brake Shops." Appellant also carries an "Atlas Brake" designation on its customer receipts and guarantee certificate forms.

Appellant began selling its service and products in the Cincinnati area in 1959. Sohio service stations started selling T.B.A. trademarked "Atlas" in the Cincinnati area in 1930, but did not commence selling brakes trademarked "Atlas" until May, 1961.

Two of appellee's registrations are involved here: a 1932 registration, No. 293,307, renewed in 1952, covering the word "Atlas" as applied to brake linings; and a 1949 registration, No. 511,816, issued to Atlas Asbestos Company and assigned to appellee in October, 1960, covering a design with a caricature of a man holding the globe on his shoulders, and the words "It Holds The World—Warranted Atlas Brake Lining". In the assigned registration the words "It Holds The World—Warranted" and "Brake Lining" in the trademark are expressly disclaimed.

It was stipulated that these two registrations, as well as the other sixty-six registrations relating to T.B.A., "were duly and lawfully issued, are in full force and effect * * *."

On June 18, 1962 appellee first learned of appellant's use of the designation "Atlas" in connection with its sale and in-

stallation of brakes, and based on the above registrations it notified appellant to cease and desist from using the designation "Atlas Brakes." No action was taken by appellant to comply with this notice and the present suit for an injunction resulted.

The District Court found that appellant's use of the "Atlas" designation in its corporate title and in conjunction with its automotive brake business was unfair competition and infringed appellee's validly registered trademark, No. 293,-307. The Court ordered appellant to cease using the designations "Atlas", "Atlas Brakes", "Atlas Brake Shops" and "Atlas Brake Shops, Inc.," in connection with the sale or installation of automotive products or goods of a similar nature, and ordered that appellant delete the word "Atlas" from its corporate name.

Appellant first argues that appellee's registered trademark, No. 293,307, for "Atlas" as applied to brake lining, is not valid because it has been abandoned by nonuse. The Lanham Act, 15 U.S.C. § 1127, provides:

"A mark shall be deemed to be 'abandoned'—(a) When its use has been discontinued with intent not to resume. Intent not to resume may be inferred from circumstances. Nonuse for two consecutive years shall be prima facie abandonment.'

■■ Abandonment of a trademark is an affirmative defense which must be pleaded; otherwise it is deemed waived. Rule 8(c) F.R.Civ.P.; 3 Callman, Unfair Competition and Trademarks (2nd ed.) § 79.3. Appellant did not plead this defense in its answer. Moreover, the claim of abandonment is inconsistent with the stipulation that the registration of the trademark was in full force and effect.

The claim of laches has no merit. It was not pleaded. The Stipulation of Facts stated that appellee's first notice of appellant's use of the Atlas designation was on June 18, 1962, and that on June 22, 1962 appellee mailed a letter to appellant demanding that it cease using the Atlas designation.

■ The next question is whether or not the trademark has been infringed. The test of liability under the Lanham Act is whether the defendant's mark "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

Appellant argues that there is no competition between its product and service and the appellee's licensed product. It claims that it sells only a relined brake in connection with its primary function to provide a complete brake service and installation, and that appellee's licensees sell a new brake.

In our opinion there is competition. The products are interchangeable; that is, purchase of one product by a customer would eliminate the need for purchase of the other.

Also, the trademark is not limited to the goods specified in the registration, but goes to any goods which are "likely to cause confusion" in the public's mind. Pure Foods, Inc. v. Minute Maid Corp., 214 F.2d 792 (5th Cir. 1954); Admiral Corp. v. Penco, Inc., 203 F.2d 517 (2nd Cir. 1953).

Here both products are sold to the same customers; they are interchangeable; and the fact that appellant provides a service apart from the sale of the brakes greater than that provided by appellee, is not so distinguishing as to defeat the likelihood of confusion. Admiral Corp. v. Penco, Inc., supra; Dwinell-Wright Co. v. National Fruit Products Co., 140 F.2d 618 (1st Cir. 1944).

There is evidence in the record that the name "Atlas" is used by approximately thirty-five business concerns in the Cincinnati area. This indicates that "Atlas" is a rather "weak" mark. Accordingly, the Courts have been less inclined to extend protection to unrelated products not specifically named in the registration. Dwinell-Wright Co. v. National Fruit Products Co., supra. However, even assuming that the products

are different here (new brakes vs. re-lined brakes), there is in our judgment enough similarity between the two to cause confusion in the mind of the public.

█ The District Court's order prohibited appellant's use of the name "Atlas" and directed that "Atlas" be deleted from its corporate name. This part of the order is too broad. It should be limited so as to prohibit only the use of the name "Atlas" in combination with the words brakes and brake linings in the corporate name, and the use of "Atlas" in connection with the sale of brakes or brake linings. Since the name Atlas is in common use in the Cincinnati area, and probably throughout the nation it "cannot be completely removed from the public domain." Sunbeam Furniture Corp. v. Sunbeam Corp., 191 F.2d 141, 145 (9th Cir. 1951).

That others would use the word "Atlas" in connection with unrelated products and businesses is the risk which appellee assumed when it adopted the name "Atlas" as a trademark.

As modified herein, the judgment of the District Court is affirmed.