**MR. TRAVEL, INC., Plaintiff,**

v.

**V. I. P. TRAVEL SERVICE, INC.,**
**Defendant.**

**No. 65 C 1409.**

United States District Court
N. D. Illinois, E. D.

Dec. 14, 1966.

Max R. Kraus, Chicago, Ill., for plaintiff.

Threedy & Threedy, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

This is an action for trademark infringement and unfair competition. It has been brought under the Lanham Act (15 U.S.C. §§ 1051–1127), under the Illinois statutes dealing with trademark registration, infringement and dilution (1965 Ill.Rev.Stat. ch. 140, §§ 8–22), and under the common law principles of trademark infringement and unfair competition.

Plaintiff, Mr. Travel, Inc., is an Illinois corporation engaged in the business of travel agency service, including the arrangement of travel tours, transportation and accommodations. Defendant, V.I.P. Travel Service, Inc., is an Illinois corporation engaged in a similar line of business. Both parties are located in Chicago, Illinois, and have their principal places of business there.

This court has jurisdiction in this suit by virtue of the federal trademark laws. (15 U.S.C. §§ 1051–1127) and 28 U.S.C. § 1338.

Plaintiff is the owner of the service mark "mr. travel," which it has used. since 1960 in connection with its business. On February 6, 1962, this service mark, in lower case white letters against a black background, was registered with the United States Patent Office, U. S. Reg. No. 727,341. This registration was for "travel agency services, including arranging travel transportation, travel accommodations, vacation tours and hotel accommodations." In

order to obtain the registration, plaintiff disclaimed the word "travel" apart from the mark as shown. Plaintiff has also registered the service mark "mr. travel" with the Secretary of State of Illinois on two occasions. On November 23, 1960, registration of "mr. travel" in lower case black letters against a white background was obtained, Ill. Reg. No. 34,984. On February 27, 1961, registration of "mr. travel" in lower case white letters against a black background was obtained, Ill. Reg. No. 35,104. The former registration was listed as being a "trademark" for use in advertising and business, while the latter was a "service mark" for use in transportation and storage. Plaintiff has used both versions of this mark in connection with its business and advertising as a travel agency since 1960. Commencing at about the same time, plaintiff has also used a caricature of a short heavy man in sports clothes on some of its advertising material—primarily on brochures and mailed advertisements. On occasion, this caricature has included the lettering "mr. travel" across its shirt. The caricature has not been registered by plaintiff.

Defendant was organized as a corporation on October 6, 1963, under the name V.I.P. Travel Service, Inc., and commenced business in December of that year. Since that date, defendant has used a caricature of a man with a suitcase on which the lettering "Mr. V.I.P." appears. On July 20, 1965, defendant obtained a registration as a service mark of one version of this caricature, as shown below, U. S. Reg. No. 793,089:

This mark was registered for "travel agency service—namely, arranging for conducted foreign and domestic tours including all types of transportation and accommodations." Defendant is presently using a similar, but more "modern," version of this caricature in connection with its business and advertising.

The advertising and use of their respective names and marks by both parties takes many forms. For example, it appears in newspapers, brochures, business cards, letterheads, envelopes, and postage meter stamps. In some of the newspaper advertising, plaintiff's and defendant's advertisments appear side by side, which is attributable to the fact that the same geographic areas are being advertised. In some of defendant's newspaper advertising, the lettering "Mr. V.I.P." on the suitcase of its caricature appears in close proximity to the designation of the agency—"V.I.P. Travel." Some of the defendant's brochures have also emphasized the name "Mr. V.I.P." in a fashion that might lead a reader to regard this as denominative of the source. Finally, defendant has used an inscription in connection with its postage meter stamps, reading "Mister V.I.P. Travels."

Plaintiff produced its office manager as its only witness. On the issue of customer confusion, this witness testified as "an intelligent guess" that a half dozen calls were received each week by plaintiff in which customers inquired about a different trip from the one advertised by plaintiff and ended with the inquiry, "Are you not Mister V.I.P.?" On cross-examination, this witness was asked, "Can you identify any person who has called the plaintiff and asked for Mister V.I.P.?" The witness answered, "Realistically, not."

Plaintiff contends that defendant's use of "Mr. V.I.P.," with and without its caricature, and in close proximity to the word "travel" and "travels," constitutes infringement of its service mark "mr. travel." Furthermore, plaintiff con-

tends that defendant's use of a caricature together with the word "Mr." constitutes unfair competition in light of plaintiff's prior use of "mr. travel" and a caricature.

In defense of these claims, defendant argues that it has always used its full name "V.I.P. Travel Service, Inc." or other identifying notation in connection with its advertising and promotion, that "Mr." is subordinated on all of defendant's advertising, and that plaintiff's mark is a weak one not entitled to protection here. With respect to the last argument, defendant introduced evidence showing wide-spread third party use and registration of "Mr." for a variety of products and services, including one—"Ask Mr. Foster"—in the Chicago area for travel agency services.

A trial has been held by the court, and this opinion is based upon the evidence introduced in the trial and the briefs filed by the parties. The opinion embodies the findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure.

## I.

The most serious charge leveled by plaintiff against defendant is that defendant is guilty of infringing its service mark "mr. travel." Plaintiff argues that the "salient" or dominant part of its mark is "mr.," and that defendant, by its use of "Mr." and "Mister" in connection with its advertising and caricature as described above, in the same line of business and in competition with plaintiff, has clearly infringed plaintiff's mark. Plaintiff also contends that defendant has infringed the registered mark "mr. travel" by defendant's use of "Mr." and "Mr. V.I.P." in close proximity with the word "travel."

■ The test for trademark infringement (or service mark infringement, since the marks are governed by identical standards) is generally stated to be "likelihood of confusion" of ordinary purchasers purchasing in the ordinary manner. See, e. g., McLean v. Fleming, 96 U.S. (6 Otto) 245, 251, 24

L.Ed. 828 (1877). Infringement does not require an exact copying. It depends upon a "confusing similarity" of the marks themselves, irrespective of the whole appearance or "dress" of the products. The test is not simply a "side-by-side" one, made by the court through personal comparison, but rather is one of consumer confusion, in light of the manner in which consumers purchase these products. See, e. g., Northam Warren Corp. v. Universal Cosmetic Co., 18 F.2d 774, 775 (7th Cir. 1927). A service mark, like a trademark, is a designation of the source of the service or product, and it is assumed that where this mark is used in connection with the service, the consumer comes to identify and to purchase the particular service according to the mark. Registration under the Lanham Act or Illinois statutes creates a presumption of adoption and of continued use and is prima facie evidence of validity. See generally, 1 Nims, Unfair Competition and Trade-Marks §§ 1, 221b–221p (4th ed. 1947). Furthermore, while plaintiff in this case introduced some minimal evidence relating to "actual confusion," this showing is not necessary to the establishment of infringement, since the test is simply "likelihood of confusion." See, e. g., Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 611 (7th Cir. 1965); Barbasol Co. v. Jacobs, 160 F.2d 336 (7th Cir. 1947). Finally, it is possible to infringe a mark by adopting and using only the "salient" or dominant part of it. See, e. g., Independent Nail & Packing Co. v. Stronghold Screw Products, 205 F.2d 921, 924 (7th Cir. 1953). See generally 1 Nims, op. cit. supra, § 221f.

■ In this case, plaintiff relies upon the fact that it was required by the Patent Office to disclaim "travel" as merely descriptive when used apart from the whole mark to establish that "mr." is the salient part of the mark. This reliance is ill-founded. The test of infringement is likelihood of confusion of the consumer; it does not depend upon the actions or views of the Patent Office. The cases which plaintiff cites in support

of its contention as to saliency were cases where the Patent Office examiner, in the course of deciding whether a particular mark should be registered, referred to the fact that the applicant had been required to disclaim a portion of the mark and therefore the rest of the mark would be regarded as having dominating trademark significance for purposes of measurement against other registered marks. See, e. g., Tinnerman Products, Inc. v. Speed Products Co., 70 U.S.P.Q. 39 (1946); J. F. Lazier Mfg. Co., Inc. v. High Rock Ginger Ale Co., 53 U.S.P.Q. 427 (1942). While the principles in these cases may be similar, they are not infringement cases. They deal with a different stage of the proceedings and different considerations altogether.

 Apart from this argument, I do not find that "mr." is the salient part of plaintiff's service mark. To be sure, it is the first of two words, which is sometimes said to be one test of saliency. See, e. g., Bunte Bros. v. Standard Chocolates, Inc., 45 F.Supp. 478, 481 (D.Mass. 1942); Coca-Cola Co. v. Carlisle Bottling Works, 43 F.2d 101, 110 (E.D.Ky.1929), aff'd 43 F.2d 119 (6th Cir. 1930); Pikle-Rite Co. v. Chicago Pickle Co., 171 F.Supp. 671, (N.D.Ill.1959). On the other hand, a number of courts have rejected the first-word test as one amenable to broad application, preferring to decide each case upon its own facts. See, e. g., Glenmore Distilleries Co. v. National Distillers Products Corp., 101 F.2d 479 (4th Cir. 1939). My own preference is for the latter view in light of the general rule that similarity is to be judged by consideration of each mark as a whole. See generally 3 Callmann, Unfair Competition and Trade-Marks § 81.1, at 1378–81 (2d ed. 1950). The first-word rule is helpful only to the extent that it may be considered in assessing the public reaction to a particular mark.

 Plaintiff's whole service mark is "mr. travel." It is used in connection with travel agency services. I am of the opinion that an ordinary customer would be as much attracted by the word "travel" or by the whole mark "mr. travel" as he would by the single word "mr." It is true that a common word such as "mr." may be appropriated for use as a valid and arbitrary [1] mark in connection with services it does not describe or suggest. See, e. g., Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 611 (7th Cir. 1965). However, where it is a common word, and one that has often been registered by others for use as a part of a mark,[2] one seeking to establish its saliency bears a heavy burden of proof. In this case, plaintiff introduced no evidence relating to the way in which its services are purchased or to the name by which it is known to customers.[3]

---

[1]. The Court of Appeals has classified trademarks as follows:

"Trademarks may be placed into four categories according to strength and the corresponding amount of protection which will be accorded them. Trademarks can be (1) descriptive or generic, i. e., the mark describes the product or service itself; (2) suggestive, i. e., the mark describes or suggests a characteristic of the product or service; (3) arbitrary, i. e., the mark is a word in common use, but applied to a product or service unrelated to its meaning, so that the word neither describes nor suggests the product or service; and (4) coined, i. e., the mark is a word devised or invented for the purpose of identifying the product or service." Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 611 (7th Cir. 1965).

[2]. In this case, defendant introduced evidence of use of "Mr." as a part of a registered trademark by more than twenty owners. Included among these marks were two for "Mr." alone, one for raincoats and one for carbonated soft drinks. U.S.Reg. No. 437,259 (Mar. 9, 1948) and U.S.Reg. No. 711,289 (Feb. 14, 1961). There is also one registration involving "Mr." in connection with travel agency services. U.S.Reg. No. 670,396 (Nov. 25, 1958) ("Ask Mr. Foster").

[3]. The only evidence introduced by either party on the question of how consumers purchase their services was in the form of an opinion by defendant's travel agent.

In Parfumerie Roger & Gallet v. M. C. M., Inc., 24 F.2d 698 (2d Cir. 1928), the court held that plaintiff's registered trademarks "Bouquet des Amours" and "Fleurs d'Amours" were not infringed by defendant's use of "Charme d'Amour" or "Caresse d'Amour." All these labels were used in connection with perfume. The court stated:

> "Prima facie, the source of origin of the products sold under them is indicated by the mark taken as a whole; one who uses less than that whole may perhaps infringe, but, if so, it must appear that the part he has taken identifies the owner's product without the rest. There are, indeed, cases where the change is so slight that judges will infer as much by mere inspection, though even there the question is always one of fact. In the case at bar we have no antecedent reason to assume that the word 'Amour' alone meant Roger & Gallet; it had been often applied to perfumes before, and its appropriateness is plain at a glance." 24 F.2d at 699.

See also Turner & Seymour Mfg. Co. v. A. & J. Mfg. Co., 20 F.2d 298 (2d Cir. 1927) ("Blue Whirl" not infringed by "Blue Tip"). Moreover, one of the Patent Office cases cited by plaintiff in support of its saliency contentions serves to refute its argument that "mr." is the salient part of its mark. In Tinnerman Products, Inc., v. Speed Products Co., 70 U.S.P.Q. 39 (1946), the applicant claimed that its earlier registrations of marks including the word "speed" entitled it to a subsequent registration of a similar mark. The assistant commissioner responded:

> " * * * to hold that its ownership of this registration ['speed fastner'] gives it a monopoly of the word 'Speed' would be inconsistent with applicant's emphatically argued position that such a word 'is common property—it is a generic term found in the dictionary and has been registered so

many times * * * that it has lost its distinctiveness because of its concurrent use by so many and consequently each user is entitled to such protection as would be accorded those distinctive features that he adds to that word.' " 70 U.S.P.Q. at 40.

 In this case, I hold that "mr." was not the salient part of plaintiff's service mark and that defendant's simple use of this word in its abbreviated or full form in connection with travel agency services was not an infringement.

 Plaintiff also contends that even if defendant's use of "Mr." and "Mister" did not infringe, defendant's use of these words in close proximity with the word "travel" on its postage meter stamps and newspaper advertising was an infringement. Plaintiff argues that the defendant in effect was appropriating its whole mark and that defendant's use of V.I.P. in conjunction does not remove the infringement. In fact, plaintiff argues that customers "might also conclude that the plaintiff and defendant are associated with each other and that the vacations offered by defendant as 'Mr. V.I.P.' are the de luxe or V.I.P. versions of plaintiff's vacations." Infringement is not avoided because the infringer uses his own name in conjunction with the appropriated part of the mark. Cf. Celanese Corp. v. E. I. Du Pont De Nemours & Co., 154 F.2d 143, 33 CCPA 857 1946). However, in this case I do not find that defendant used "Mr." and "travel" or "travels" in a manner which infringed plaintiff's mark. Defendant's newspaper advertisements contained its caricature with the words Mr. V.I.P. in small letters on the suitcase of the caricature. Somewhere below the caricature were the words "V.I.P. Travel," with emphasis on "V.I.P.," and defendant's address and telephone number. The words on the suitcase are clearly a part of the caricature and are dominated by the caricature. Thus, I do not find

He stated that he believed people came to his company "primarily because of

the [geographic] area we advertise and the price we advertise."

that there is any likelihood of confusion with respect to these advertisements. See, e. g., John Morrell & Co. v. Doyle, 97 F.2d 232 (7th Cir. 1938).

■ There is also no infringement by virtue of defendant's use of a postage meter stamp bearing the words "Mr. V.I.P. Travels." These stamps are placed on defendant's envelopes which clearly bear its name and address. In this context, they clearly refer to defendant and there is no possible likelihood of confusion as to source. However, if this use were extended in any way to defendant's advertising, brochures, business cards or similar material where the public might become confused, a serious problem would be presented.[4]

■ My conclusion on the whole record before me is that the plaintiff has failed to show any likelihood of confusion by reason of the defendant's continued use of its own mark "Mr. V.I.P." in its literature and advertising. Without this showing there can be no infringement.

## II.

Plaintiff's second count seeks relief based on defendant's alleged unfair competition. This unfair competition count is based on defendant's use of "Mr." and "travel" together with a caricature in light of plaintiff's prior registered mark and use of a caricature.

In the first place, the two caricatures are different. Plaintiff asserts that one caricature is like another, but I do not agree. Moreover, they have been used by both parties at different times and on different pieces of literature. In fact, plaintiff admitted during the trial to the use of its caricature on literature which it has sent out under the name of Las Vegas, Inc., and Miami Beach, Inc., two names under which it also does business. This admission tends to refute any claim of exclusive right to a caricature in connection with

"mr. travel" and the travel agency business.

■ The present test of unfair competition, as announced by the Court of Appeals for the Seventh Circuit, requires proof of "palming off." See, e. g., Spangler Candy Co. v. Crystal Pure Candy Co., 353 F.2d 641, 647–648 (7th Cir. 1965); Aerosol Research Co. v. Scovill Mfg. Co., 334 F.2d 751, 757 (7th Cir. 1964). "Palming off" requires in part that the copied feature have "secondary meaning" in the eyes of the public. As the Supreme Court stated in Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 113, 83 L.Ed. 73 (1938):

"[T]o establish a trade name in the term 'shredded wheat' the plaintiff must show more than a subordinate meaning which applies to it. It must show that the primary significance of the term in the minds of the consuming public is not the product but the producer."

Plaintiff has not carried its burden of proof on this issue. Rather, the admission by plaintiff of other uses of the caricature serves to disprove secondary meaning.

■ Plaintiff, in its post-trial brief, has made some reference to "trademark dilution" and "injury to business reputation" under 1965 Ill.Rev.Stat. ch. 140, § 22. Any claim of relief based on this statute is without merit in this case. See Spangler Candy Co. v. Crystal Pure Candy Co., 235 F.Supp. 18, 23 (N.D.Ill. 1964), aff'd 353 F.2d 641 (7th Cir. 1965); Esquire, Inc. v. Esquire Slipper Mfg. Co., 243 F.2d 540 (1st Cir. 1957).

Plaintiff is not entitled to any of the relief which it seeks. I have entered the following order on this date.

For the reasons set forth in the memorandum opinion filed herewith, plaintiff's complaint is hereby dismissed with prejudice, with costs to the defendant.

---

4. This problem could be alleviated by defendant's discontinuance of the use of this stamp, with a stipulation that it will not make any further use of this particular combination of words.