**WSM, INCORPORATED, Plaintiff,**

v.

**Donald BAILEY and Jay Rainwater, individually and d/b/a Opry Records, Defendants.**

Civ. No. 5228.

United States District Court
M. D. Tennessee,
Nashville Division.

March 21, 1969.

James R. Tuck, Nashville, Tenn., for plaintiff.

Wendal D. Jackson, Slaughter & Jackson, Bristol, Tenn., for defendants.

## MEMORANDUM

WILLIAM E. MILLER, Chief Judge.

This is an action for alleged trademark infringement and unfair competition, in which the plaintiff, the holder of a registered service mark, "Grand Ole Opry," seeks to enjoin the defendant Rainwater from using the word "Opry" as an identifying label on phonograph records produced and promoted by defendant. Plaintiff's cause of action is derived from 15 U.S.C.A. §§ 1114, 1121 and 1125(a). Jurisdiction is conferred on the Court by 28 U.S.C.A. § 1338(a) and (b).

Plaintiff is the operator of the world famous "Grand Ole Opry" country and western music show which originates in Nashville, Tennessee. The "Grand Ole Opry" has been seen in person by millions of people from all sections of the country, and it is seen and heard weekly on television and radio in all sections of the United States and Canada.

Plaintiff is the owner of United States Service Mark Registration Number 527,-589 issued by the United States Patent Office on July 11, 1950, and directed to the mark "Grand Ole Opry" for services described therein as "Radio program broadcasting services; for entertainment services through the medium of

radio and personal appearance performances of dramatic, musical, and dramatico-musical programs; and for the advertising of sponsors' goods through the medium of radio broadcast programs."

In addition, plaintiff is the owner of United States Service Mark Registration Number 645,898 issued by the United States Patent Office on May 21, 1957, and directed to the mark "Grand Ole Opry" for services described therein as "The title of entertainment services in the nature of dramatic, dramatico-musical programs and/or musical programs performed through the medium of television and personal appearances."

Defendant Rainwater, without the plaintiff's consent, has recently produced and promoted two country and western phonograph records bearing the "Opry" label. The defendant Bailey was a vocal performer or artist in both recordings. It is the use of the word "Opry" by defendants in connection with the recording, production, promotion and sale of the above mentioned phonograph records which plaintiff contends constitutes an infringement of its "Grand Ole Opry" mark.

■ The governing principles of law in the area of trademark and service mark infringement[1] are not in dispute and may be succinctly stated. The controlling issue is whether the alleged infringer's use of a particular mark "is likely to cause confusion or to cause mistake or to deceive." 15 U.S.C.A. § 1114.

■■ Because confusion, or the likelihood of confusion, is the test of infringement,[2] direct competition between the products or services in question is not a prerequisite to protective relief. The remedies of the owner of a registered mark extend to any goods on which the use of an infringing mark "is likely to cause confusion" in the public's mind. Atlas Supply Co. v. Atlas Brake Shops, Inc., 360 F.2d 16 (6th Cir. 1966); Fleischmann Distilling Corp. v. Maier Brewing Company, 314 F.2d 149 (9th Cir. 1963); Turner v. H M H Publishing Company, 380 F.2d 224 (5th Cir. 1967); Time, Inc. v. Barshay, 27 F.Supp. 870 (S.D.N.Y.1939).

■■ Infringement does not require the exact copying of a mark. It is possible to infringe a service mark by adopting only the salient or dominant part of a mark,[3] if to do so is likely to cause confusion. Independent Nail & Packing Co., Inc. v. Stronghold Screw Products, Inc., 205 F.2d 921 (7th Cir. 1953); Queen Mfg. Co. v. Isaac Ginsberg & Bros., Inc., 25 F.2d 284 (8th Cir. 1928); Mr. Travel, Inc. v. V.I.P. Travel Service, Inc., 268 F.Supp. 958 (N.D.Ill.1966), aff'd 385 F.2d 420 (7th Cir. 1967).

■■ It appears, without contradiction, that defendant adopted the name "Opry" for its newly-formed record company almost twenty years[4] after plaintiff had registered its mark which featured the same word. In denying that his appropriation of a part of plaintiff's mark constituted an infringement, defendant Rainwater gave undocumented testimony to the effect that "Opry" had become a generic term referring generally to the field of country and western music.[5] However, the record is re-

---

1. Trademark and service mark infringement cases are governed by identical standards. 15 U.S.C.A. § 1053. See Mr. Travel, Inc. v. V.I.P. Travel Service, Inc., D.C., 268 F.Supp. 958, aff'd, 385 F.2d 420 (7th Cir. 1967).

2. Because likelihood of confusion is the test of infringement, it is unnecessary to prove actual confusion. Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 205 F.2d 921 (7th Cir. 1953).

3. Adoption of part of a well known name has often been held to be an infringement. See e. g., International Silver Company v. Roger Chromeware, Inc., 235 F.Supp. 216 (E.D.N.Y.1964).

4. The "Grand Ole Opry" mark was originated some forty years ago by plaintiff's predecessor.

5. Even when words have become generic, a competitor will be forbidden from apply-

plete with newspaper and magazine articles and clippings which demonstrate conclusively that the term "Opry," standing alone as defendant has used it,[6] is constantly used in country and western music circles in referring to plaintiff's "Grand Ole Opry." Thus, the defendant has appropriated, at its peril, the dominant or salient term in plaintiff's mark, a term which identified the "Grand Ole Opry" in the mind of the public many years before the inception of "Opry Records"—the name adopted by defendant Rainwater as a trade name.

■ The evidence discloses that defendant is in the business of producing and promoting country and western music records. Plaintiff, on the other hand, produces the "Grand Ole Opry," a live country and western music show which is viewed and heard weekly in person and on television and radio. In addition to performing on the "Grand Ole Opry," the "Opry" stars are also country and western recording artists. From the foregoing, it is clear that the parties are engaged in sufficiently related fields that an infringing mark on defendant's records "is likely to cause confusion." This is particularly so in light of the fact that Nashville, which has gained national acclaim as the home of the "Grand Ole Opry," is also the chosen home of defendant Opry Records.

Injecting the pertinent similarities between plaintiff's and defendant's mark,

discussed above, the issue for determination thus becomes whether the average country and western music enthusiast and record purchaser is likely to believe that Opry Records of Nashville, Tennessee, which produces and promotes country and western music records, has some connection[7] with the "Opry," i. e., Nashville's world-renowned country and western music show, the "Grand Ole Opry." Under these circumstances, the Court is persuaded that the average purchaser is likely to be confused and likely to believe mistakenly that Opry Records has some trade connection with the "Grand Ole Opry."

The Court must, therefore, conclude that defendant has infringed plaintiff's service mark, and that a preliminary injunction should issue against defendants as prayed for in the complaint.

A form of judgment will be submitted to implement this memorandum, including provision for execution by plaintiff of an injunction bond. The amount of the bond will be fixed by agreement of the parties, or, absent an agreement, by the Court when the judgment is submitted for approval. The judgment will also include a provision overruling defendant Donald Bailey's motion for summary judgment, but with the right to renew such motion at a later stage in the proceeding.

ing them to its product, unless he clearly indicates that the product he is selling is not the product of the originator of the generic term. Brooks Bros. v. Brooks Clothing of California, Limited, 60 F. Supp. 442, aff'd, 158 F.2d 798 (9th Cir.), cert. denied, 331 U.S. 824 (1947).

6. Defendant has chosen not to use any limiting or modifying words with "Opry" which would tend to eliminate any doubt as to its connection with the "Opry." The burden is upon the latecomer, in this case the defendant, to avoid confusion, mistake or deception, and if doubt exists, it must be resolved against him. Safeway Stores, Inc. v. Stephens, 281 F.Supp. 517 (W.D.La.1967). The fact that the

alleged infringer may be acting in good faith and has no actual intention to mislead the public is not a defense. American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619 (5th Cir. 1963).

7. It is not material whether the average purchaser would think that the "Grand Ole Opry" was actually producing and promoting records under the "Opry" label, or whether the records were produced under the "Opry's" supervision or pursuant to some other arrangement with it. He would probably not concern himself with such detail. See Fleischmann Distilling Corp. v. Maier Brewing Company, 314 F.2d 149 (9th Cir. 1963).